DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Gordon Sprague, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} Appellee, Tammy Harless, filed a complaint against Appellant on August 10, 2005, alleging that she suffered injuries as a result of an automobile accident which occurred on August 16, 2003. On August 12, 2005, summons was issued to Appellant at 1909 E. Turkeyfoot Lake Road, Akron, Ohio 44312, via certified mail. Summons was returned unclaimed. On September 21, 2005, summons was reissued to Appellant at the same address via regular mail. The complaint was claimed by Appellant on September 22, 2005. Appellant contends that the status of the September 21, 2005 summons was recorded as not "claimed." However, the trial court's docket reflects that this complaint was claimed. Appellant's recitation of the facts is unsupported by the trial court's docket.
 {¶ 3} On October 25, 2005, Appellee filed her motion for default judgment. The trial court granted Appellee's motion on October 31, 2005, finding that Appellant had failed to appear or otherwise defend. The court scheduled a hearing on damages for November 17, 2005. At the hearing, judgment was awarded in favor of Appellee and against Appellant in the amount of $12,266.00. The Notice of the Magistrate's Decision awarding the default judgment was mailed via regular mail service to Appellant on December 5, 2005 at the same address at which service had been perfected on September 21, 2005. This notice was returned for insufficient address. Notice of the final appealable order granting the default judgment was issued to Appellant on January 5, 2006 to this same address. This notice was claimed by Appellant on January 5, 2006.
 {¶ 4} On February 3, 2006, Appellee filed a supplemental complaint. On March 2, 2006, Appellant filed a motion to vacate default judgment pursuant to Civ.R. 60. On March 14, 2006, the trial court denied the motion to vacate. Appellant timely appealed from this order, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN DENYING [APPELLANT'S] MOTION TO VACATE DEFAULT JUDGMENT, ON THE BASIS THAT [APPELLANT] MEETS ALL THE REQUIREMENTS OF CIVIL RULE 60(B) FOR VACATING A DEFAULT JUDGMENT."
 {¶ 5} In his sole assignment of error, Appellant contends that the trial court erred in denying his motion to vacate default judgment. We disagree.
 {¶ 6} In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. GTE Automatic Elec., Inc. v.ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. If any of these three requirements is not met, the motion is properly overruled. Strack v. Pelton (1994),70 Ohio St.3d 172, 174.
 {¶ 7} The question of whether relief should be granted is within the sound discretion of the trial court. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77. This Court, therefore, will not reverse the trial court's decision absent an abuse of discretion. Kay v. Marc Glassman, Inc. (1996),76 Ohio St.3d 18, 19-20. The phrase "abuse of discretion" connotes more than an error of judgment; rather, it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, this court may not substitute its judgment for that of the trial court. Pons v.Ohio State Med. Bd., (1993), 66 Ohio St.3d 619, 621.
 {¶ 8} Appellant first contends that the trial court erred in denying his motion to vacate because he has a meritorious defense to present if relief is granted.[1] Appellant's defense is that proper service was never obtained on him and as such, the trial court never obtained proper jurisdiction over him. In support, Appellant's counsel asserts that he believes Appellant Sprague currently resides outside of Ohio. Appellant contends that a review of the docket and history of attempts at service reflects the confusion regarding service.
 {¶ 9} Upon review of the docket, we see no confusion regarding the service issue. The complaint was initially sent by certified mail to the address Appellant provided at the accident scene. The certified mail service was returned to the clerk and marked unclaimed. Civ.R. 4.6(D) provides the procedure for obtaining service upon a defendant when certified mail is unclaimed. Pursuant to this rule:
"If a certified or express mail envelope is returned with an endorsement showing that the envelope was unclaimed, the clerk shall forthwith notify, by mail, the attorney of record or, if there is no attorney of record, the party at whose instance process was issued. If the attorney, or serving party, after notification by the clerk, files with the clerk a written request for ordinary mail service, the clerk shall send by ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk. Answer day shall be twenty-eight days after the date of mailing as evidenced by the certificate of mailing. The clerk shall endorse this answer date upon the summons which is sent by ordinary mail. Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery. If the ordinary mail envelope is returned undelivered, the clerk shall forthwith notify the attorney, or serving party, by mail."
The docket reflects that on September 21, 2005, regular mail service was issued to Appellant in response to the unclaimed certified mail service. Further, the docket reflects that service was "deemed complete" because "the ordinary mail envelope [was] not returned by the postal authorities with an endorsement showing failure of delivery." See Civ.R. 4.6(D).
 {¶ 10} "[T]here is a presumption of proper service in cases where the Civil Rules on service are followed. However, this presumption is rebuttable by sufficient evidence." Jacobs v.Szakal, 9th Dist. No. 22903, 2006-Ohio-1312, at ¶ 14, quotingRafalski v. Oates (1984), 17 Ohio App.3d 65, 66. For instance, an unchallenged affidavit made by a party may be sufficient to overcome the presumption of service. Talarek v. Miles (July 23, 1997), 9th Dist. No. 96CA006567, at *4. The court has sound discretion to determine whether service of process was sufficient in a case. Thomas v. Corrigan (1999), 135 Ohio App.3d 340, 344. "In making this determination, the trial court may assess the competency and credibility of the evidence of nonservice."Friedman v. Kalail (Apr. 3, 2002), 9th Dist. No. 20657, at *3, quoting Talarek, supra, at *4.
 {¶ 11} In the within matter, Appellant has presented no evidence to rebut the presumption of proper service. SeeJacobs, supra, at ¶ 14. Appellant contends that the summons sent by certified mail was returned unclaimed and that the December 5, 2005 notice that was sent by regular mail came back as "insufficient address." Neither of these assertions refute the presumption of proper service that arose after Appellee followed the procedure outlined in Civ.R. 4.6(D). Appellant has presented no affidavit, deposition testimony, stipulations or other evidence that would demonstrate that service was improper. SeeRafalski, 17 Ohio App.3d at 66; Talarek, supra, at *4.
 {¶ 12} Accordingly, Appellant has failed to set forth a meritorious defense as required in GTE,
47 Ohio St.2d at paragraph two of the syllabus. Therefore, we need not address his remaining arguments. See Strack, 70 Ohio St.3d at 174 (if any of the three requirements set forth in GTE Automatic Elec. v.ARC Industries is not met, the motion to vacate judgment is properly overruled). Appellant's sole assignment of error is overruled.
 III. {¶ 13} Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J. Whitmore, J. Concur.
[1] Appellant's insurance company, Allstate Insurance Company, provided counsel to Appellant under Appellant's policy provisions. In Appellant's brief, his counsel acknowledges that he does not know exactly where Appellant resides but that "[i]t is believed that Mr. Sprague currently resides outside Ohio[.]"