DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Federal National Mortgage Association ("FNMA"), appeals the judgment of the Summit County Court of Common Pleas, which granted summary judgment in favor of Appellee, Nationwide Mutual Insurance Co. ("Nationwide"). This Court affirms.
 I. {¶ 2} Jon and Lisa Peters owned a home at 622 Cora Avenue, Akron, Ohio 44312. Jon and Lisa subsequently divorced on May 18, 2000. Nationwide issued a homeowner's insurance policy, number 92 34 HO 959293, to Lisa Peters on November 8, 2004. The effective period of the policy was from December 6, 2004, to December 6, 2005. On the policy, Jon Peters was listed as an additional insured, and ABN AMRO Mortgage Group, Inc. ("ABN AMRO") was listed as first mortgagee.
 {¶ 3} On January 2, 2003, a foreclosure action regarding the Cora Avenue property was filed in the Summit County Court of Common Pleas. A judgment and decree in foreclosure was *Page 2 
issued on July 3, 2003. Standard Federal Bank filed a notice of Sheriffs sale on February 24, 2005, certifying service to Lisa Peters at the Cora Avenue address and to Jon Peters at an address in Boise, Idaho. A Sheriffs sale was scheduled for March 4, 2005, at which time Standard Federal Bank submitted the highest and best bid for the property. The same day, Standard Federal Bank, as successful bidder, assigned all its right, title and interest in and to its bid for the property to FNMA. On April 15, 2005, the trial court issued a journal entry confirming sale, ordering deed and distributing sale proceeds. The property was transferred by Sheriffs deed on June 30, 2005, to FNMA. On July 12, 2005, the property was destroyed by fire.
 {¶ 4} On April 11, 2006, Nationwide filed a complaint for declaratory judgment against Lisa Peters, Jon Peters, FNMA, and ABN AMRO, seeking a declaration that Nationwide was relieved from any obligations under policy number 92 34 HO 959293 for two reasons, to wit: because the defendants' failure to inform Nationwide regarding a change in ownership and/or occupancy of the property constituted a material breach of the policy and because the acts of the defendants in leaving the premises vacant for more than 30 consecutive days constituted a material breach of the policy.
 {¶ 5} Although ABN AMRO initially answered the complaint, it later filed a disclaimer of interest in the policy. Neither Lisa Peters nor Jon Peters filed answers.
 {¶ 6} FNMA filed an answer and counterclaim, praying for payment under the terms of the policy. Nationwide answered the counterclaim, denying any obligation to pay under the policy.
 {¶ 7} On March 2, 2007, Nationwide filed a motion for summary judgment. On March 23, 2007, FNMA filed a brief in opposition and its own motion for summary judgment. On April 6, 2007, Nationwide filed its reply and response in opposition. On May 11, 2007, the trial court *Page 3 
issued a judgment entry denying FNMA's motion for summary judgment, granting Nationwide's motion for summary judgment, and granting judgment in favor of Nationwide. FNMA filed a timely notice of appeal in case number 23746.
 {¶ 8} On August 2, 2007, FNMA filed a motion to vacate the May 11, 2007 judgment pursuant to Civ. R. 60(B)(2). On August 16, 2007, FNMA moved this Court to remand jurisdiction to the trial court to allow the trial court to rule on its motion to vacate the judgment. This Court remanded the matter for that purpose. Nationwide filed a brief in opposition to the motion to vacate. On September 18, 2007, the trial court denied FNMA's motion to vacate pursuant to Civ. R. 60(B)(2). FNMA filed its second notice of appeal in case number 23884. This Court consolidated the appeals.
 {¶ 9} FNMA raises two assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF NATIONWIDE."
 {¶ 10} FNMA argues that the trial court erred by granting summary judgment in favor of Nationwide. This Court disagrees.
 {¶ 11} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-WoodwardCo. (1983), 13 Ohio App.3d 7, 12. *Page 4 
 {¶ 12} Pursuant to Civ. R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 13} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v.Burt (1996), 75 Ohio St.3d 280, 293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ. R. 56(C), Civ. R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447,449.
 {¶ 14} Nationwide's declaratory judgment action was premised on a material breach of the policy which therefore relieved Nationwide from any obligations under the policy. Nationwide argued that it was relieved from any obligations under alternative theories, specifically: (1) that FNMA's failure to inform Nationwide of a change in ownership and/or occupancy constituted a material breach of the policy; (2) that FNMA's leaving the premises unoccupied and vacant for more than 30 consecutive days constituted a material breach of the policy; and (3) that there was no privity of contract between Nationwide and FNMA so that FNMA had no interest under the policy. The trial court agreed with Nationwide that all three theories warranted relief. Because there was no privity of contract between Nationwide and *Page 5 
FNMA, this Court need not determine whether FNMA materially breached the mortgage clause or any other property exclusions clause.
 {¶ 15} The declarations page of the policy, attached to Nationwide's motion for summary judgment, lists Lisa Peters as the named insured, Jon Peters as an additional insured, and ABN AMRO Mortgage Group, Inc. as the first mortgagee. FNMA asserts that Standard Federal Bank was always the lender on the note executed by Lisa and Jon Peters, which note was secured by a mortgage on the Cora Avenue property, so that Standard Federal Bank was the first mortgagee and that ABN AMRO merely serviced the loan. FNMA further asserts that Standard Federal Bank assigned its interest in the mortgage on the property to FNMA soon after Mr. and Mrs. Peters bought the property in 1994. Accordingly, FNMA argues that it was the true first mortgagee on the property.
 {¶ 16} Although FNMA attached a copy of the original note and mortgage assignment to its motion to vacate the judgment pursuant to Civ. R. 60(B)(2), it failed to offer any proof of its status as a mortgagee on the property in its opposition to Nationwide's motion for summary judgment. The only evidence of any named insureds and first mortgagees was presented by Nationwide, and that evidence showed ABN AMRO Mortgage Group, Inc. as the first mortgagee. ABN AMRO has disclaimed any interest under the policy in this case.
 {¶ 17} The policy contains a transfer provision, which states: "This policy may be transferred to another only with our written consent." FNMA submitted no evidence to show that the policy was transferred to it after it assumed ownership of the property. FNMA submitted no evidence to show that it notified Nationwide of its status as first mortgagee prior to the foreclosure action or of its status as owner of the property after Standard Federal Bank assigned its bid to FNMA after the Sheriffs sale. FNMA presented no evidence in its opposition or *Page 6 
motion for summary judgment that it had any insured interest under the policy. The only evidence presented in regard to the competing summary judgment motions was that FNMA was a stranger to the contract.
 {¶ 18} Nationwide met its initial burden under Dresher to show that it had no obligations under the policy to FNMA because FNMA was not an insured or mortgagee under the declarations in the policy. FNMA, however, failed to meet its reciprocal burden under Tompkins to show that there was in fact privity of contract imputing obligations by Nationwide to FNMA. Tompkins, 75 Ohio St.3d at 449. Accordingly, the trial court did not err by finding that no genuine issue of material fact existed and that Nationwide was entitled to judgment as a matter of law. FNMA's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING FNMA'S MOTION TO VACATE JUDGMENT WITHOUT SCHEDULING A HEARING."
 {¶ 19} FNMA argues that the trial court erred by denying its motion to vacate the judgment pursuant to Civ. R. 60(B)(2) without scheduling a hearing and because its additional evidence created a genuine issue of material fact precluding the granting of summary judgment. This Court disagrees.
 {¶ 20} The decision to grant or deny a motion for relief from judgment pursuant to Civ. R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of the discretion. Struck v.Pelton (1994), 70 Ohio St.3d 172, 174. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral *Page 7 
delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 21} Civ. R. 60(B) states, in relevant part,
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment order or proceeding was entered or taken."
 {¶ 22} To prevail on a Civ. R. 60(B) motion for relief from judgment, the moving party must demonstrate that
 "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
The moving party's failure to satisfy any of the three requirements will result in the motion being overruled. Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 20.
 {¶ 23} The Ohio Supreme Court has held that a trial court should hold a hearing on a movant's motion for relief from judgment where the movant has alleged operative facts warranting relief under Civ. R. 60(B).Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 19. The motion and supporting documents, if any, must contain operative facts which demonstrate *Page 8 
the timeliness of the motion, the reasons for seeking relief, and the movant's defense. Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, paragraph two of the syllabus.
 "If the material submitted by the movant in support of a motion for relief from judgment under Civil Rule 60(B) contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for the trial court to overrule the motion and refuse to grant a hearing." Id. at paragraph four of the syllabus.
Before the trial court must schedule a hearing on a motion for relief from judgment, "the movant must do more than make bare allegations that he or she is entitled to relief." Kay, 76 Ohio St.3d at 20, citingRose Chevrolet, 36 Ohio St.3d at 20.
 {¶ 24} FNMA argues that the trial court erred by denying its motion for relief from judgment, and for not having a hearing prior to ruling. FNMA's argument lacks merit because it failed to allege any operative facts regarding any meritorious defense. Specifically, FNMA failed to demonstrate the existence of newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Civ. R. 59(B).
 {¶ 25} In this case, FNMA asserted in its motion to vacate judgment that it believed that it had produced sufficient evidence in its opposition to Nationwide's motion for summary judgment to meet its reciprocal Civ. R. 56 burden. Only after the trial court granted Nationwide's motion for summary judgment did FNMA scramble to secure evidence it realized was necessary to foreclose summary judgment in favor of Nationwide. Specifically, FNMA stated, "After reviewing [the trial court's] May 11, 2007 decision, FNMA realized that [the trial court] had interpreted the Nationwide Policy and FNMA's own evidence in such a way that new evidence would have to be produced." FNMA asserted that, soon after the May 11, 2007 decision, it found the endorsement of the note and assignment of the mortgage from Standard Federal *Page 9 
Mortgage to FNMA. It further secured the affidavit of Carla Rakich Eukin on July 18, 2007, in support of its assertion that the judgment entry granting summary judgment should be vacated.
 {¶ 26} FNMA made no assertions in its motion to vacate judgment that it could not with due diligence have secured this alleged "newly discovered evidence" prior to the trial court's ruling on the motions for summary judgment. Rather, FNMA asserted that it misjudged how the trial court would interpret the evidence that was presented, so that additional evidence is now necessary to substantiate its opposition to Nationwide's motion for summary judgment.
 {¶ 27} FNMA has attempted to use Civ. R. 60(B) as "a second chance to oppose summary judgment." See Yoder v. Edwin Shaw Dev. Found. (Apr. 17, 1996), 9th Dist. No. 17417. "To reward [FNMA] for [its] failure to adequately oppose summary judgment in a timely manner would undermine the purposes of both Civ. R. 56 and 60(B)." Id.; see, also Harris v.Formica Corp., 8th Dist. No. 89536, 2008-Ohio-688, at ¶ 10. Accordingly, the trial court did not abuse its discretion by denying FNMA's motion to vacate judgment without a hearing based on its finding that FNMA had "failed to demonstrate why the alleged `newly discovered evidence' would not have been previously discovered with due diligence." FNMA's second assignment of error is overruled.
 III. {¶ 28} FNMA's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 10 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
DONNA J. CARR FOR THE COURT
 SLABY, J. WHITMORE, J. CONCUR *Page 1