[Cite as *State v. Navedo*, 2011-Ohio-5003.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellant

    v.

JOSE E. NAVEDO

    Appellee

C.A. No.    10CA009923

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    08CV156405

DECISION AND JOURNAL ENTRY

Dated: September 30, 2011

WHITMORE, Judge.

{¶1} Appellant, the State of Ohio, appeals from the judgment of the Lorain County Court of Common Pleas, granting Appellee, Jose Navedo's, motion to vacate the default judgment against him. This Court affirms in part, and reverses in part.

I

{¶2} On April 22, 2008, the State filed a petition for civil forfeiture against Navedo, seeking to forfeit property the police seized during Navedo's felony drug abuse arrest. The State attempted to serve Navedo at his address of record, 203 West 15th Street, Lorain, Ohio, by certified mail. It also published notice of the forfeiture proceedings in a newspaper, The Amherst News Time, for two consecutive weeks, pursuant to R.C. 2981.05(B). After the first attempt to serve Navedo by certified mail failed, the State again attempted service by certified mail on May 27, 2008. That too resulted in the certified mail being returned as unclaimed. The State then served Navedo by regular mail on June 24, 2008. Having received no response from

Navedo, the State filed a motion for default judgment on July 31, 2008. On August 21, 2008, the trial court granted the motion for default and ordered the forfeiture of Navedo's property.

{¶3} On June 8, 2010, Navedo filed a motion for relief from judgment. The State responded in opposition, and the court set the matter for a hearing before a magistrate on August 31, 2010. On October 19, 2010, the magistrate issued a decision, concluding that Navedo was entitled to relief from judgment. The trial court signed the same judgment entry alongside the magistrate and made it the order of the court.

{¶4} The State now appeals from the October 19, 2010 judgment entry and raises two assignments of error for our review.

II

Assignment of Error Number One

"THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED BY SETTING APPELLEE'S MOTION FOR RELIEF FROM JUDGMENT FOR HEARING, OVER APPELLANT'S OBJECTION, WHEN APPELLEE ONLY PRESENTED AN UNSUBSTANTIATED AND UNSWORN CLAIM OF LACK OF SERVICE."

{¶5} In its first assignment of error, the State argues that the trial court erred by setting this matter for a hearing based on Navedo's motion for relief from judgment. We disagree.

{¶6} It is within a trial court's discretion to grant an evidentiary hearing on a motion for relief from judgment. See *Coulson v. Coulson* (1983), 5 Ohio St.3d 12, 14-16. "Before the trial court must schedule a hearing on a motion for relief from judgment, 'the movant must do more than make bare allegations that he or she is entitled to relief.'" *Nationwide Mut. Ins. Co. v. Peters*, 9th Dist. Nos. 23746 & 23884, 2008-Ohio-2957, at ¶23, quoting *Kay v. Marc Glassman, Inc.* (1996), 76 Ohio St.3d 18, 20. A hearing is warranted when "grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief

from judgment." *Kay*, 76 Ohio St.3d at 19. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621.

{¶7} "Fundamental due process requires 'notice' sufficient to apprise the defendant of the action's pendency so that objections by the defendant may be presented." *Sampson v. Hooper Holmes, Inc.* (1993), 91 Ohio App.3d 538, 540. "A failure of service constitutes good grounds for a trial court to vacate a judgment pursuant to Civ.R. 60(B)(5)." *Credit Trust Corp. v. Wright* (Feb. 6, 2002), 9th Dist. No. 20649, at *3, quoting *American Bonus Group Inc. v. Vukich* (Feb. 9, 1999), 9th Dist. No. 19089, at *2. Even apart from Civ.R. 60(B), however, this Court has recognized that a failure of service creates a jurisdictional defect and results in a void judgment. *Rondy v. Rondy* (1983), 13 Ohio App.3d 19, 21-22. Accord *Sampson*, 91 Ohio St.3d at 540. A party who makes an uncontradicted, sworn statement that he never received service of a complaint "is entitled to have the judgment against h[im] vacated even if h[is] opponent complied with Civ.R. 4.6 and had service made at an address where it could reasonably be anticipated that the defendant would receive it." *Credit Trust Corp.*, at *3, quoting *Rafalski v. Oates* (1984), 17 Ohio App.3d 65, 66-67.

{¶8} In this assignment of error, the issue is not whether Navedo was entitled to have the default judgment against him vacated, but only whether he was entitled to a hearing on his motion. The State argues that Navedo was not entitled to a hearing because he did not support his motion with any sworn statement.

{¶9} Although Navedo did not attach a sworn statement to his motion for relief, he filed his motion on the basis that he did not receive service of the State's petition. The motion indicates that Navedo never received service and that he was incarcerated on the underlying

criminal case from which the forfeiture arose for much of the time period that the State attempted service. The trial court held a telephone status conference with the parties after it received Navedo's motion. The discussion that occurred during the status conference is not a part of the record. After the status conference, however, the trial court set the matter for a hearing before the magistrate.

{¶10} The trial court was in the best position to determine whether Navedo alleged sufficient facts to warrant a hearing. As set forth above, a failure of service is a substantial defect that negates the validity of a judgment. *Sampson*, 91 Ohio St.3d at 540. While Navedo's unsupported motion was less than what would have been required to vacate the default judgment against him, see *Credit Trust Corp.*, at *3, we cannot say that the trial court went so far as to abuse its discretion by concluding that Navedo's argument warranted a hearing. Consequently, the State's first assignment of error is overruled.

### Assignment of Error Number Two

"THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BY FINDING THAT APPELLEE NAVEDO REBUTTED THE PRESUMPTION OF GOOD SERVICE PURSUANT TO OHIO CIVIL RULE 4.6."

{¶11} In its second assignment of error, the State argues that the trial court erred by finding that Navedo rebutted the presumption of valid service. We do not reach the merits of the State's assignment of error.

{¶12} Because this matter was heard by a magistrate, the provisions of Civ.R. 53 apply. Civ.R. 53(D) sets forth the requirements for the form of a magistrate's decision and provides, in relevant part, as follows:

"A magistrate's decision shall be in writing, identified as a magistrate's decision in the caption, signed by the magistrate, filed with the clerk, and served by the clerk on all parties or their attorneys no later than three days after the decision is

filed. A magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b)." Civ.R. 53(D)(3)(a)(iii).

If a party fails to object to the factual findings or legal conclusions of a magistrate, that party forfeits any objection to those errors and is limited to a plain error analysis on appeal. Civ.R. 53(D)(3)(b)(iv).

{¶13} Here, the magistrate and the trial court signed the same judgment entry. The entry was simultaneously executed by both the magistrate and the trial court, as they signed alongside one another and it was time-stamped only once. Moreover, the entry was not designated as a magistrate's decision and did not contain any indication that the parties had to object to any findings or conclusions that they wished to preserve for appeal. Not surprisingly, the State did not file any objections to the magistrate's decision. The State simply appealed, thereby forfeiting its objections. Id.

{¶14} This Court recently addressed an appeal involving the same procedural defects. In *Williams v. Ormsby*, 9th Dist. No. 09CA0080-M, 2010-Ohio-3666, this Court noted that:

> "The case law discussing prejudice based upon a trial court's violation of Civ.R. 53 focuses on two issues: (1) whether the violation prevented the appellant the opportunity of filing objections to the magistrate's decision; and (2) whether the trial court was able to conduct an independent analysis of the magistrate's decision. The clear import of [Civ.R. 53(D)] is to provide litigants with a meaningful opportunity to register objections to the [magistrate's] report and the failure to provide such an opportunity to object is prejudicial error." (Internal quotations and citations omitted.) *Williams* at ¶11.

Much like the State in this case, the appellant in *Williams* failed to file any objections to the magistrate's decision. This Court held that the failure of the lower court to caption the magistrate's decision as such "created confusion among the parties as to whether they were

subject to the mandates of Civ.R. 53(D)." Id. at ¶12. We further held that defect in the designation, "coupled with the lack of a conspicuous warning regarding the opportunity to file timely objections, resulted in prejudice to [the appellant]." Id. The same prejudice resulted here.

{¶15} Consistent with our holding in *Williams*, we decline to address the State's second assignment of error. The judgment of the Lorain County Court of Common Pleas is reversed, in part, and remanded "for the magistrate to prepare and file a decision which comports with Civ.R. 53, giving the parties an opportunity to file timely objections to that decision." Id. at ¶13.

III

{¶16} The State's first assignment of error is overruled. This Court declines to address the State's second assignment of error for the reasons set forth above. The judgment of the Lorain County Court of Common Pleas is affirmed in part, reversed in part, and remanded for further proceedings consistent with the foregoing opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to .

_____
BETH WHITMORE
FOR THE COURT

BELFANCE, P. J.
CONCURS

DICKINSON, J.
CONCURS, SAYING:

{¶17} Regarding the State's first assignment of error, the Ohio Supreme Court has held that, "[i]f . . . a motion for relief from judgment . . . contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify [those] facts before it rules on the motion." *Kay v. Marc Glassman Inc.*, 76 Ohio St. 3d 18, 19 (1996) (quoting *Coulson v. Coulson*, 5 Ohio St. 3d 12, 16 (1983)). In his motion, Mr. Navedo alleged that the State knew he was incarcerated at the time they attempted to serve him, but only attempted service at his house. He also alleged that the newspaper in which it published notice was not a newspaper of general circulation in Lorain County. The State has argued that the court should have ignored Mr. Navedo's allegations because they were not incorporated into a sworn statement. The authority it has cited, however, does not establish that a moving party must submit a sworn statement or other evidence before being entitled to a hearing. I, therefore, agree that the trial court did not err when it held a hearing on Mr. Navedo's motion for relief from judgment, even though he did not support it with a sworn statement.

**{¶18}** Regarding the State's second assignment of error, under Rule 53(D)(3)(a)(iii) of the Ohio Rules of Civil Procedure, the magistrate was required to write in her decision that the parties may not assign an error on appeal unless they file objections to the decision. Instead, the magistrate entered her decision, the trial court signed the same document on the same day, and the State appealed without filing objections.

**{¶19}** Because the State appealed without objecting to the magistrate's decision, it normally would have forfeited its arguments, except for claims of plain error, under Civil Rule 53(D)(3)(b)(iv). This Court has not enforced that forfeiture provision, however, if a magistrate failed to give proper notice under Civil Rule 53(D)(3)(a)(iii). *Williams v. Ormsby*, 9th Dist. No. 09CA0080-M, 2010-Ohio-3666, at ¶11-12. As in that case, I agree that the proper course of action is for this Court to remand to the trial court so that the State may have an opportunity to object to the magistrate's decision and so the trial court may review its objections in the first instance.

APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and RICHARD A. GRONSKY, Assistant Prosecuting Attorney, for Appellant.

MICHAEL STEPANIK, Attorney at Law, for Appellee.