[Cite as *In re T.S.*, 2012-Ohio-858.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

IN RE:  T.S.

C.A. No.      11CA0033-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     2010 12 DQ 0791

DECISION AND JOURNAL ENTRY

Dated: March 5, 2012

BELFANCE, Presiding Judge.

{¶1}    Appellant T.S. appeals from the decision of the Medina County Court of Common Pleas, Juvenile Division, adjudicating him delinquent.  We reverse and remand for proceedings consistent with this opinion.

I.

{¶2}    On December 7, 2010, T.S., then 16 years old, was arrested after an altercation with his mother.  A complaint was filed against T.S., alleging that he was delinquent by violating R.C. 2919.25(A), the statute that prohibits domestic violence.  The complaint alleged that, because T.S. had a previous disposition for domestic violence, the offense would be a felony of the fourth degree if committed by an adult.  *See* R.C. 2919.25(D)(3).

{¶3}    A magistrate held an adjudication hearing and thereafter, in a form document labeled as a magistrate's order, as opposed to a magistrate's decision, the magistrate adjudicated T.S. delinquent.  The bottom of the form contained two boxes, one of which could be selected to

inform the party of the obligations attendant to objecting to a magistrate's decision and one for appealing a magistrate's order. Notably, the magistrate did not check the box informing the parties of their right to object to the magistrate's decision. T.S. did not file objections, or a copy of the transcript of the proceedings in the trial court. The trial court conducted a dispositional hearing on February 24, 2011. In its entry, the court concluded T.S. was delinquent and committed him to the custody of the Ohio Department of Youth Services for a minimum term of six months and a maximum term not to exceed attainment of his twenty-first birthday. The trial court noted that T.S. had not filed objections to the magistrate's decision. T.S. has appealed, raising a single assignment of error for our review.

## II.

## ASSIGNMENT OF ERROR

THE JUVENILE COURT VIOLATED T.S.'S RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION WHEN IT ADJUDICATED HIM DELINQUENT OF DOMESTIC VIOLENCE, WHEN THAT DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶4} T.S. asserts in his assignment of error that the decision adjudicating him delinquent of domestic violence is against the manifest weight of the evidence. We do not reach the merits of T.S.'s argument.

{¶5} Initially, we note that the magistrate's adjudication was in actuality a decision and not an order. *See* Juv.R. 40(D)(2)(a)(i) ("Subject to the terms of the relevant reference, a magistrate may enter orders without judicial approval if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party."). Thus, T.S. was required to file objections to the magistrate's decision in order to preserve arguments concerning alleged errors committed by the trial court in its adoption of the magistrate's decision. *See* Juv.R.

40(D)(3)(b)(iv) ("Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b)."); *see also In re J.H.*, 9th Dist. No. 22384, 2005-Ohio-2398, ¶ 9.

{¶6} However, the magistrate has an affirmative duty to inform the parties in its decision that it is a magistrate's decision and of the necessity of objecting. Juv.R. 40(D)(3)(a)(iii) states:

> A magistrate's decision *shall be in writing, identified as a magistrate's decision in the caption,* signed by the magistrate, filed with the clerk, and served on all parties or their attorneys no later than three days after the decision is filed. A magistrate's decision *shall indicate conspicuously* that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Juv.R. 40(D)(3)(b).

(Emphasis added.)

{¶7} The magistrate failed to do so. In the instant matter, the magistrate mistakenly labeled its decision an order and, instead of checking the box which includes the warning discussed in Juv.R. 40(D)(3)(a)(iii), the magistrate checked the box concerning a party's right to appeal a magistrate's order, which does not include the language recited above.

{¶8} Courts have noted that Civ.R. 53(D) and Juv.R. 40(D) are analogous. *See, e.g., In re A.W.C.,* 4th Dist. No. 09CA31, 2010-Ohio-3625, ¶ 18. Thus, we conclude it is appropriate to rely on our case law examining similar provisions of Civ.R. 53. When addressing a similar problem in a civil proceeding involving Civ.R. 53(D), this Court noted that the failure to properly label a magistrate's decision as a decision, combined with the magistrate's failure to provide the appropriate warning concerning objections, created confusion and prejudiced the parties. *See Williams v. Ormsby,* 9th Dist. No. 09CA0080-M, 2010-Ohio-3666, ¶ 12. This

matter is no different. Thus, we decline to address the merits of T.S.'s assignment of error. We reverse the judgment of the Medina County Court of Common Pleas, Juvenile Division, and remand the matter so that the magistrate can prepare and file a decision which comports with Juv.R. 40, thereby allowing the parties the opportunity to file timely objections and any relevant transcript or affidavit in the trial court. *Id.* at ¶ 13; *State v. Navedo*, 9th Dist. No. 10CA009923, 2011-Ohio-5003, ¶ 14-15.

### III.

{¶9}    In light of the foregoing, we reverse the judgment of the Medina County Court of Common Pleas, Juvenile Division, and remand the matter for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, Juvenile Division, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT


WHITMORE, J.
DICKINSON, J.
CONCUR

APPEARANCES:

BROOKE M. BURNS, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW KERN, Assistant Prosecuting Attorney, for Appellee.