[Cite as *Healey v. Goodyear Tire & Rubber Co.*, 2012-Ohio-2170.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| CYNTHIA HEALEY | | C.A. No. 25888 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| GOODYEAR TIRE & RUBBER CO., et al. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellees | | CASE No. CV 2009-04-3320 |

DECISION AND JOURNAL ENTRY

Dated: May 16, 2012

MOORE, Judge.

{¶1} Appellant, Cynthia Healey, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} In a prior appeal, *Healey v. Goodyear Tire & Rubber Co.*, 9th Dist. No. 25296, 2010-Ohio-5463, ¶ 1, this Court set forth the underlying factual and procedural history as follows:

> Cynthia Healey is a former employee of Goodyear Tire and Rubber Company. After she was laid off by Goodyear and several other companies declined to hire her, she sued Goodyear and Barbara Medkeff, her former supervisor, for post-employment retaliation, alleging that Ms. Medkeff had given her bad references because she had complained about gender discrimination while working for Goodyear. The trial court granted summary judgment to Goodyear and Ms. Medkeff, concluding that Ms. Healey's claims failed as a matter of law because she had not presented any admissible evidence that Ms. Medkeff had given her bad references. Ms. Healey [] appealed, arguing that the trial court incorrectly entered summary judgment for Goodyear and Ms. Medkeff. We affirm[ed] because Ms. Healey failed to offer any non-hearsay evidence that Ms. Medkeff gave her bad references and because she failed to present any evidence that a

causal relationship existed between the alleged bad references and her gender discrimination complaints.

{¶3}   On February 19, 2010, Healey filed a Civ.R. 60(B) motion in the trial court asserting that she had discovered new evidence which provided a basis on which to deny Goodyear's motion for summary judgment.  Goodyear filed a brief in opposition on March 8, 2010.  Healey filed a notice of appeal with this Court on March 12, 2010.  The trial court concluded that the filing of the notice of appeal divested the court of jurisdiction to rule upon the Civ.R. 60(B) motion.  We issued our decision affirming the trial court's grant of summary judgment in favor of Goodyear on November 10, 2010.  On March 11, 2011, the trial court denied Healey's Civ.R. 60(B) motion.

{¶4}   Healey timely filed a notice of appeal.  She raises three assignments of error for our review.

## II.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THAT THE EVIDENCE SUBMITTED BY [HEALEY] IN SUPPORT OF HER CIV.R. 60(B)(2) MOTION FOR RELIEF FROM ORDER GRANTING [GOODYEAR'S] MOTION FOR SUMMARY JUDGMENT WAS NOT MATERIAL EVIDENCE THAT WOULD LEAD TO A DIFFERENT RESULT BECAUSE IT DID NOT PROVIDE EVIDENCE AS TO THE CAUSAL CONNECTION BETWEEN THE PROTECTED ACTIVITY ENGAGED IN BY [HEALEY] AND THE ACTS OF POST-EMPLOYMENT RETALIATION.

{¶5}   In her second assignment of error, Healey argues that the trial court erred in concluding that the evidence submitted in her Civ.R. 60(B) motion would not produce a different result because it did not provide a causal connection between the protected activity and the post-employment retaliation.  We do not agree.

**{¶6}** Civ.R. 60(B) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

**{¶7}** To prevail on a motion for relief from judgment under Civ.R. 60(B), a party must demonstrate: (1) a meritorious defense or claim; (2) entitlement to relief under one of the ground stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. If any of these three requirements is not met, the motion is properly overruled. *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994).

**{¶8}** The question of whether such relief should be granted is within the sound discretion of the trial court. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). This Court, therefore, will not reverse the trial court's decision absent an abuse of discretion. *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19-20 (1996). The phrase "'abuse of discretion' * * * implies that the trial court's attitude [was] unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

**{¶9}** Initially, we consider whether a Civ.R. 60(B)(2) motion is available when a final judgment was entered on summary judgment. As stated above, Civ.R. 60(B)(2) permits a court

to relieve a party from a final judgment on account of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B)." Where final judgment was entered on summary judgment, a Civ.R. 59(B) motion for a new trial would not have been available. *See L.A. & D., Inc. v. Lake Cty. Bd. of Commrs.*, 67 Ohio St.2d 384, 387 (1981).

{¶10} In most instances, courts have chosen to simply address the underlying merits of the Civ.R. 60(B)(2) motion when the movant has failed to meet his burden under the rule. *See, e.g., Commerce & Industry Ins. Co. of Canada v. Norfolk & Western Ry. Co.*, 9th Dist. No. 14497, 1990 WL 102422, \*4 (July 18, 1990); *Cincinnati Ins. Co. v. Thompson & Ward Leasing Co., Inc.*, 10th Dist. No. 05AP-673, 2005-Ohio-6761, ¶ 12-18; *Heida v. R.M.S./Forest City Ents., Inc.*, 8th Dist. No. 83908, 2004-Ohio-3875, ¶ 11. *See also Nationwide Mut. Ins. Co. v. Peters*, 9th Dist. Nos. 23746, 23884, 2008-Ohio-2957, ¶ 27 (noting that because the Civ.R. 60(B)(2) motion did not contain newly discovered evidence, it was an attempt "to use Civ.R. 60(B) as 'a second chance to oppose summary judgment.' *See Yoder v. Edwin Shaw Dev. Found.*, 9th Dist. No. 17417, 1996 WL 183031, \*2 (Apr. 17, 1996). 'To reward [FNMA] for [its] failure to adequately oppose summary judgment in a timely manner would undermine the purposes of both Civ.R. 56 and 60(B).' *Id."*).

{¶11} Some cases have broadened the language of Civ.R. 60(B)(2) to allow for evidence that "could not, with due diligence, have been discovered prior to the entry of the judgment sought to be set aside or within the time provided for the filing of a motion for a new trial." *Monfort Supply Co. v. City of Cheviot*, 1st Dist. No. C-920874, 1994 WL 59463, \*2 (Mar. 2, 1994). This addition allows courts to grant relief from summary judgment under Civ.R. 60(B)(2). *See also Miles Landing Homeowners Assn. v. Harris*, 8th Dist. No. 88471, 2007-Ohio-

3411, ¶ 10 (noting that the movant failed to demonstrate "that this evidence could not have been discovered before summary judgment was granted").

{¶12}  In *Thompson v. Russ-Pol, Inc.*, 11th Dist. No. 4071, 1989 WL 42973, *3 (Apr. 28, 1989), the Eleventh District expressly held "[t]o the extent that the language of Civ.R. 60(B)(2) provides for a new trial on the basis of newly discovered evidence which could not have been timely obtained, this section does not appear to be a ground for relief from judgment when the original entry is one granting summary judgment."  There, the trial court granted the appellees' Civ.R. 60(B) motion.  The appellant argued, in part, that Civ.R. 60(B)(2) was "not applicable in an action which grants summary judgment."  *Id.*  The Eleventh District agreed and concluded that the appellees should not have been entitled to relief under Civ.R. 60(B)(2).  *See also Jackson v. American Lubricant Co,* 2d Dist. No. 18482, 2001 WL 221661, *1 (Mar. 2, 2001) (appearing to question applicability of Civ.R. 60(B)(2) in a summary judgment context by prefacing its analysis "Assuming that Civ.R. 60(B)(2) applies to this situation, where relief is sought from a summary judgment rather than a judgment following trial * * *.")  *But see Old Phoenix Nat. Bank of Medina v. Schultz*, 5th Dist. No. 92-CV-2083, 1996 WL 608485, *3-4 (Oct. 15, 1996) (concluding that the trial court erred in denying a Civ.R. 60(B)(2) motion for relief from summary judgment based upon newly discovered evidence).

{¶13}  Acknowledging these inconsistencies, we need not reach this legal issue because it was not raised by the parties, and Healey's Civ.R. 60(B)(2) motion fails on the merits.

{¶14}  On February 19, 2010, Healey filed a motion for relief from judgment in the trial court.  In that motion, she alleged that she was entitled to relief under Civ.R. 60(B)(2).  She attached the affidavit of Dave Wenger who averred that he had considered hiring Healey in 2004 or 2005.  However, he decided not to offer her the position after he spoke with Medkeff about

the circumstances under which Healey left her employment at Goodyear. According to the affidavit, Medkeff told him that Healey was fired because she "was not a team player and caused problems." The trial court concluded that Wenger's affidavit is not material evidence that would produce a different result because there is still a lack of evidence as to the causal connection between the alleged retaliation and the alleged protected activity.

{¶15} This Court's decision in *Holden v. Ohio Bur. of Motor Vehicles*, 67 Ohio App.3d 531 (9th Dist.1990), makes clear that when presenting newly discovered evidence the moving party must demonstrate: "(1) that the evidence was actually 'newly discovered'; that is, it must have been discovered subsequent to the trial; (2) that the movant exercised due diligence; and (3) that the evidence is material, not merely impeaching or cumulative, and that a new trial would probably produce a different result." (Citations and quotations omitted.) *Id*. at 540.

{¶16} Healey failed to establish that the evidence was "newly discovered," or that it could not have been earlier discovered with due diligence. The undisputed facts in the record indicate that certain events that occurred after the court's judgment entry granting Goodyear's motion for summary judgment allowed Healey to "recall" this prior job application. This does not constitute evidence that is "newly discovered" as anticipated by the rule. "Relief from judgment may be granted based on newly discovered evidence, but similar to Civ.R. 59, evidence that could have been discovered prior to trial by the exercise of due diligence does not qualify as newly discovered evidence." *Riesbeck v. Indus. Paint & Strip*, 7th Dist. No. 08 MO 11, 2009-Ohio-6250, ¶ 18. Through the exercise of due diligence, Healey would have discovered this information prior to the final judgment.

{¶17} However, even if we were to consider Healey's evidence, it would not affect the outcome because the trial court previously concluded, and this Court affirmed, that Healey failed

to establish a prima facie case of retaliation. "[I]n order to succeed on a Civ.R. 60(B)(2) motion, the moving party must show not only that the evidence was 'newly discovered' and that the movant exercised 'due diligence,' but the movant must also demonstrate to the trial court how this evidence is 'material,' and that it would probably have produced 'a different result.'" *First Fin. Servs., Inc. v. Cross Tabernacle Deliverance Church, Inc.*, 10th Dist. No. 06AP-404, 2007-Ohio-4274, ¶ 59, quoting *Holden v. Ohio Bur. of Motor Vehicles*, 67 Ohio App.3d 531, 540 (9th Dist.1990).

{¶18} R.C. 4112.02(I) requires a plaintiff to demonstrate that: (1) she engaged in protected activity, (2) the defendant knew of her participation in the protected activity, (3) the defendant thereafter took adverse employment action against the plaintiff, and (4) a causal connection exists between the protected activity and the adverse employment action. *Geer-Burger v. Temesi*, 116 Ohio St.3d 324, 2007-Ohio-6442, ¶ 13. In her initial direct appeal, this Court held that Healey failed to establish a prima facie case of post-employment retaliation because there was no evidence in the record to demonstrate that any bad reference Medkeff may have given Healey was causally connected to her engagement in a protected activity. *Healey* at ¶ 11. In ruling on her Civ.R. 60(B) motion, the trial court concluded that the new evidence prevented an inference of a causal connection because the statement Medkeff is alleged to have made to Wenger was made 12-24 months after Healey's layoff.

{¶19} A plaintiff may demonstrate a causal connection through direct evidence or "through knowledge coupled with a closeness in time that creates in inference of causation." *Meyers v. Goodrich Corp.*, 8th Dist. No. 95996, 2011-Ohio-3261, ¶ 28. "Close temporal proximity between the employer's knowledge of the protected activity and the adverse employment action alone may be significant enough to constitute evidence of a causal

connection – but only if the adverse employment action occurs 'very close' in time after an employee learns of a protected activity." *Id.* quoting *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001); *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir.2008) (employee was fired on the day his employer learned that he had filed an EEOC complaint).

{¶20} If, however, some time has elapsed between the protected activity and the subsequent adverse employment action, the employee "must produce other evidence of retaliatory conduct, namely, evidence of additional discrimination, to establish causation." *Meyers* at ¶ 29, citing *Mickey*, 516 F.3d at 525; *see also Hall v. Banc One Mgt. Corp.*, 10th Dist. No. 04AP-905, 2006-Ohio-913, ¶ 47 (interval of two months between complaint and adverse action "so dilutes any inference of causation that we are constrained to hold as a matter of law that the temporal connection could not justify a finding in [plaintiff's] favor on the matter of causal link"), reversed on other grounds by 114 Ohio St.3d 484, 2007-Ohio-4640; *Ningard v. Shin Etsu Silicones*, 9th Dist. No. 24524, 2009-Ohio-3171, ¶ 17 (holding that mere temporal proximity does not suffice, "especially where the events are separated by more than a few days or weeks").

{¶21} Healey has not presented any arguments demonstrating that the trial court was unreasonable in concluding that the lapse of 12-24 months from the alleged protected activity to the subsequent adverse employment action did not create an inference of a causal connection. *Blakemore*, 5 Ohio St.3d at 219. Instead, she only argues that the Wenger affidavit "brings the temporal proximity of Medkeff's adverse action closer to the time [she] was employed by Goodyear and her protected activity." Without additional evidence of retaliatory conduct, Healey may not rely simply on an inference of causation. Thus, she cannot establish a prima facie case of retaliation or that a new trial would probably produce a different result.

Accordingly, we cannot say that the trial court abused its discretion when it denied her Civ.R. 60(B)(2) motion. Healey's second assignment of error is overruled.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING [HEALEY'S] CIV.R. 60(B)(2) MOTION FOR RELIEF FROM ORDER GRANTING [GOODYEAR'S] MOTION FOR SUMMARY JUDGMENT ON THE BASIS THAT [SHE] DID NOT EXERCISE DUE DILIGENCE IN DISCOVERING THE EVIDENCE DURING DISCOVERY.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THAT THIS COURT'S DECISION IN HEALEY V. GOODYEAR TIRE & RUBBER CO., 9TH DIST. NO. 25296, 2010-OHIO-5463 IS THE LAW OF THE CASE IN THIS MATTER WITH REGARD TO THE ISSUE OF THE CAUSAL CONNECTION BETWEEN THE PROTECTED ACTIVITY ENGAGED IN BY [HEALEY] AND THE ACTS OF POST-EMPLOYMENT RETALIATION.

**{¶22}** In her first assignment of error, Healey argues that the trial court erred in denying her Civ.R. 60(B) motion on the basis that she did not exercise due diligence in discovering the new evidence. In her third assignment of error, Healey argues that the trial court erred in finding that this Court's prior decision is law of the case with regard to the causal connection between the protected activity and the post-employment retaliation.

**{¶23}** Because our resolution of the second assignment of error is dispositive of the issues raised, this Court declines to address the first and third assignments of error separately, as they are rendered moot. *See* App.R. 12(A)(1)(c).

### III.

**{¶24}** Healey's second assignment of error is overruled. Her remaining assignments of error are rendered moot. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

CARR, J.
CONCURS.

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

JOHN F. MYERS, Attorney at Law, for Appellant.

BRIAN J. KELLY, Attorney at Law, for Appellees.