[Cite as *In re C.T.*, 2014-Ohio-4267.]

STATE OF OHIO          )
                       )ss:
COUNTY OF MEDINA       )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

IN RE: C.T.

C.A. No.      14CA0007-M


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.      2013 04 DQ 0177

DECISION AND JOURNAL ENTRY

Dated: September 29, 2014

WHITMORE, Judge.

{¶1}   Appellant, C.T., appeals from the judgment of the Medina County Court of Common Pleas, Juvenile Division.  This Court reverses.

I

{¶2}   In April 2013, a complaint was filed against C.T., alleging that he had violated curfew.  In June 2013, C.T., pursuant to a plea agreement, admitted the curfew violation and the court dismissed a truancy charge from another case.  A magistrate entered a decision adjudicating C.T. delinquent and included a disposition.  As part of the disposition, the magistrate required C.T. to submit to a toxicology screening.  C.T. filed a motion to set aside the toxicology screening.  The court, after a hearing, denied C.T.'s motion and adopted the magistrate's decision.  Subsequently, the magistrate found C.T. in violation of a valid court order for not submitting to a toxicology screening.  C.T. then filed objections to that magistrate's decision. The court overruled his objections and adopted the magistrate's decision.

**{¶3}** C.T. then appealed from the court's order denying his motion to set aside the first magistrate's decision, requiring a toxicology screening. This Court dismissed the appeal for a lack of a final, appealable order. We concluded that the court had not independently entered judgment, but merely adopted the magistrate's decision. In December 2013, the court reissued its prior order, but included additional adjudicatory and dispositional language. In this entry, the court did not order C.T. to submit to a toxicology screening. C.T. now appeals from this order and raises two assignments of error for our review.

II

Assignment of Error Number One

THE MEDINA COUNTY JUVENILE COURT ERRED WHEN IT ORDERED C.T. TO SUBMIT TO URINALYSIS AS DISPOSITION FOR A CURFEW VIOLATION, IN CONTRAVENTION TO HIS RIGHT TO DUE PROCESS AND RIGHT AGAINST SELF-INCRIMINATION.

Assignment of Error Number Two

C.T. WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO PROPERLY CHALLENGE THE MAGISTRATE'S JUNE 7, 2013 DECISION.

**{¶4}** In his two assignments of error, C.T. challenges the court's order requiring him to submit to a toxicology screening. Because the magistrate's decision did not comply with Juv.R. 40(D)(3), we do not reach the merits of C.T.'s arguments. Instead, we reverse and remand the case to provide C.T. with an opportunity to file timely objections.

**{¶5}** There is an important distinction between magistrate's orders and decisions. *Compare* Juv.R. 40(D)(2) *with* Juv.R. 40(D)(3). A magistrate has the authority to enter "*orders* without judicial approval if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party." (Emphasis added.) Juv.R. 40(D)(2)(a)(i). Pursuant to Juv.R. 40(D)(2)(a)(iii), a magistrate has the authority to issue orders in any of the following:

(A) Pretrial proceedings under Civ. R. 16;

(B) Discovery proceedings under Civ. R. 26 to 37, Juv. R. 24, and Juv. R.25;

(C) Appointment of an attorney or guardian ad litem pursuant to Juv. R. 4 and Juv. R.29(B)(4);

(D) Taking a child into custody pursuant to Juv. R. 6;

(E) Detention hearings pursuant to Juv. R. 7;

(F) Temporary orders pursuant to Juv. R. 13;

(G) Extension of temporary orders pursuant to Juv. R. 14;

(H) Summons and warrants pursuant to Juv. R. 15;

(I) Preliminary conferences pursuant to Juv. R. 21;

(J) Continuances pursuant to Juv. R. 23;

(K) Deposition orders pursuant to Juv. R. 27(B)(3);

(L) Orders for social histories, physical and mental examinations pursuant to Juv. R. 32;

(M) Proceedings upon application for the issuance of a temporary protection order as authorized by law;

(N) Other orders as necessary to regulate the proceedings.

Juv.R. 40(D)(2)(a)(iii).  A party contesting a magistrate's order must file a motion to set it aside within 10 days.  Juv.R. 40(D)(2)(b).  This motion to set aside, however, does not stay the effectiveness of the magistrate's order – the party must seek a separate stay.  *Id*.

{¶6}  Magistrate *decisions*, on the other hand, are "not effective unless adopted by the court."  Juv.R. 40(D)(4)(a).  A magistrate's entry of adjudication is a decision, not an order.  *In re T.S.*, 9th Dist. Medina No. 11CA0033-M, 2012-Ohio-858, ¶ 5.  Additionally, a magistrate's entry of disposition, *see e.g.*, R.C. 2152.19, is a decision because it is not intended to regulate the proceedings.  *See* Juv.R. 40(D)(2)(a)(i).  Pursuant to Juv.R. 40(D)(3)(a)(iii), "[a] magistrate's decision shall be in writing, [and] identified as a magistrate's decision in the caption."  Further,

the magistrate's decision must "conspicuously" indicate that a party "shall not assign as error on appeal the court's adoption of any factional finding or legal conclusion * * * unless the party timely and specifically objects to that factual finding or legal conclusion as required by Juv.R. 40(D)(3)(b)." Juv.R. 40(D)(3)(a)(iii).

{¶7} On June 7, 2013, the magistrate entered an adjudication and disposition of C.T. At the top of the preprinted form, the magistrate checked the boxes indicating that the entry was both an order and a decision. In the middle of the page, the magistrate only checked the box noting that it was a dispositional decision. However, at the end of the entry, the magistrate checked both boxes to inform the parties that they had a right to object to the magistrate's decision and a "right to appeal [the] magistrate's order."[1] Because the magistrate's entry is an adjudication and disposition of C.T., it is a decision and not an order. Thus, C.T. should have filed objections to the magistrate's decision within fourteen days. Instead, C.T. filed a motion to set aside the magistrate's order.

{¶8} In his motion to set aside, C.T. challenged the magistrate's disposition requiring C.T. to submit to a toxicology screening. The judge held a hearing on C.T.'s motion to set aside the magistrate's order on August 22, 2013. On August 26, 2013, the judge overruled C.T.'s motion on the merits and "adopted" the magistrate's June 7, 2013 "decision."

{¶9} On September 18, 2013, the magistrate held a hearing and found that C.T. was in violation of a "[v]alid [c]ourt [o]rder" for failing to submit to a toxicology screening. The magistrate, again, checked the boxes in the preprinted form's heading to indicate that his decision was both a decision and an order. To add to the confusion, he checked the magistrate's

---

[1] We note that a party does not "appeal" a magistrate's order, but instead files a motion to set aside the order. Despite the poor word choice in the heading, the notice does otherwise comply with Juv.R. 40(D)(2)(b).

order box in the center of the form, left the dispositional decision box unchecked, and checked both boxes at the end of the form to inform C.T. of his right to object to the magistrate's decision and "right to appeal [the] magistrate's order." In this decision, the magistrate recommended C.T. be placed in the Medina County Juvenile Detention Center for 90 days, with 85 days suspended. This dispositional recommendation is a magistrate's decision, not an order.

{¶10} C.T. then, appropriately, filed objections to the magistrate's September 18, 2013 decision, asserting the exact same arguments as in his motion to set aside the magistrate's June 7, 2013 "order." Without an additional hearing, the judge entered an order on September 25, 2013, overruling C.T.'s objections. In its entry, the court noted that the arguments were exactly the same as the motion to set aside. The court further stated:

> The [c]ourt in its decision dated August 26, 2013, found that this identical argument to be without merit, adopted and affirmed the Magistrate's decision, thus making the Magistrates (sic) decision a valid court order. Inasmuch as the court has previously found the order (sic) of the Magistrate, to which the Alleged Delinquent child objects to be valid, the court will rely on its prior findings and order to rule that the Decision of the Magistrate shall be affirmed.
>
> Juvenile's objection is denied. The Magistrate's decision having previously been adopted as an order of the court is affirmed.

{¶11} C.T. then filed an appeal from the trial court's August 26, 2013 judgment entry denying C.T.'s motion to set aside the magistrate's order. This Court dismissed the appeal for a lack of a final, appealable order. Specifically, this Court concluded that the August 26, 2013 order merely adopted the magistrate's decision and did not "independently enter[ ] a judgment adjudicating [C.T.] delinquent or impos[e] a disposition."

{¶12} On December 16, 2013, the court reissued its August 23, 2013 order, denying C.T.'s motion to set aside the magistrate's order, with additional language of adjudication and disposition. In this entry, however, the court did not order C.T. to submit to a toxicology

screening.[2] C.T. has appealed from this December 16, 2013 entry. C.T.'s arguments on appeal challenge the order of the toxicology screening.

{¶13} This case emphasizes the common confusion between a magistrate's order and decision. According to the rules, a magistrate's decision must be labeled as such and the parties must be given conspicuous notice of the consequences of failing to file timely objections. Juv.R. 40(D)(3)(a)(iii). This Court has previously held that it is reversible error for the court to incorrectly label a magistrate's decision as an order when the court also fails to provide notice that the parties must file objections within fourteen days. *See In re T.S.*, 2012-Ohio-858. When an entry is mislabeled as both a magistrate's order and decision and provides no guidance on whether a motion to set aside or objections are proper, the parties, in effect, have been given no notice at all.

{¶14} Because C.T. was not given "conspicuous notice" of his right to file objections to the magistrate's June 7, 2013 decision, we reverse and remand the matter to the trial court for the magistrate to prepare a decision that complies with Juv.R. 40(D)(3), giving the parties an opportunity to file timely objections. *See A.L. v. Stephens*, 9th Dist. Summit No. 26345, 2014-Ohio-677, ¶ 5.

III

{¶15} The December 16, 2013 judgment of the Medina County Court of Common Pleas, Juvenile Division, is reversed, and the cause is remanded to the court for further proceedings consistent with the foregoing opinion.

Judgment reversed,

---

[2] Perhaps this is because he had been already been punished in the magistrate's September 18, 2013 decision for failing to comply.

and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT

HENSAL, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

BROOKE M. BURNS, Assistant State Public Defender, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and LAUREN M. HASE, Assistant Prosecuting Attorney, for Appellee.