DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, John Szakal, appeals the trial court's order denying his motion to vacate the judgment granted in favor of Appellee, Jeffrey Miller. Appellant contends that the judgment is void ab initio because he was never served with either of Jacobs' complaints or Miller's cross-claim. This Court vacates the trial court's decision.
 {¶ 2} Appellee, Wendy Jacobs, filed a complaint for personal injury on October 26, 2000, naming appellant and Jeffrey Miller as defendants. The complaint was served at appellant's parents' house. Appellant, who was not living with his parents, never received notice of the pending suit. On November 11, 2000, Miller filed a cross-claim against appellant seeking damages. Miller also listed appellant's parents' address on his cross-claim. Appellant's parents, after notifying the postal carrier that appellant did not live at the address listed, signed for the certified mail and threw away the certified mail and all other correspondence addressed to appellant.
 {¶ 3} On January 8, 2001, the court entered default judgment against appellant in favor of Miller in the amount of $4,000.00. On July 17, 2001, appellee voluntarily dismissed Miller. On July 17, 2001, the case was voluntarily dismissed on the day of arbitration.
 {¶ 4} Appellee refiled her complaint on July 23, 2002, and was assigned a new case number: CV 2002-07-4077. Appellee named appellant, Miller, State Farm Insurance Company, and John Doe Insurance Cos. as defendants. She again served the complaint at appellant's parents' residence and not that of appellant. Appellee later dismissed the complaint against Miller and State Farm Insurance Company. On February 12, 2003, the trial court entered judgment against appellant in the amount of $50,000. Appellant's driver's license was suspended as a result of the judgment.
 {¶ 5} Appellant learned of the outstanding judgments against him for the first time on January 17, 2004, when he was cited by the Cuyahoga Falls Police Department for driving with a suspended license. Prior to being stopped by the police, appellant had no idea that a complaint had been filed naming him as a defendant. On February 10, 2004, appellant filed a motion to vacate judgment for lack of personal jurisdiction. The trial court denied appellant's motion on May 17, 2004.
 {¶ 6} Appellant thereafter filed additional motions seeking to have the default judgments vacated in both the original case, CV 2000-10-4783, and the refiled case, CV 2002-07-4077, along with motions for additional time to file a responsive pleading, and to dismiss appellee's complaint. On July 8, 2004, the trial court filed an order denying appellant's motion to dismiss, his motion for extension of time within which to file a responsive pleading, and his motion to vacate judgment. Appellant appealed the trial court's orders pertaining to the original case, CV 2000-10-4783, to this Court. Jacobs v. Szakal, 9th Dist. No. 22219, 2005-Ohio-2146. Appellant also presented arguments relating to case number CV 2002-07-4077. This Court reversed the trial court's decision and vacated the default judgment entered against appellant in CV 2000-10-4783. This Court also noted that appellant had failed to appeal from case number CV 20020-7-4077. Therefore, this Court was without jurisdiction to address any of appellant's arguments relating to CV 2002-07-4077.
 {¶ 7} On September 12, 2005, the trial court dismissed Defendant "John Doe Insurance Companies" because appellee failed to perfect service within six months of filing the complaint. Appellant now appeals the trial court's orders pertaining to case number CV 2002-07-4077, setting forth two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
"APPELLANT WAS DENIED HIS RIGHT TO NOTICE OF THE LAWSUIT FILED AGAINST HIM IN CV 2002-07-4077 AS PRESCRIBED BY [THE] `DUE PROCESS' CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHERE HE WAS NEVER SERVED WITH THE SUMMONS OR COMPLAINT IN THAT CASE; AND WHERE THE TRIAL COURT DENIED APPELLANT'S MOTION TO VACATE THE DEFAULT JUDGMENT ENTERED AGAINST HIM FOR LACK OF PERSONAL JURISDICTION."
 {¶ 8} In his first assignment of error, appellant argues that the trial court erred in denying his motion to vacate the default judgment entered against him in favor of appellee. This Court agrees.
 {¶ 9} Appellant maintains that he was never served with appellee's complaint. If appellee never served appellant, the court lacked personal jurisdiction over him, and could make no binding determinations regarding his rights. Any judgment rendered in an action where there has not been proper service is void ab initio. Liberty Credit Servs., Inc. v. Walsh, 10th Dist. No. 04AP3-60, 2005-Ohio-894, at ¶ 13; Clark v. MarcGlassman, Inc. 8th Dist. No. 82578, 2003-Ohio-4660, at ¶ 17.
 {¶ 10} A court acquires personal jurisdiction over a party in one of three ways: (1) proper and effective service of process, (2) voluntary appearance by the party, or (3) limited acts by the party or his counsel that involuntarily submit him to the court's jurisdiction. Austin v. Payne (1995), 107 Ohio App.3d 818, 821, citing Maryhew v. Yova (1984), 11 Ohio St.3d 154, 156. Because appellant never appeared before the court while the case was pending, this Court is concerned only with proper and effective service of process.
 {¶ 11} The party effecting service must ensure complete and proper service. King v. Hazra (1993), 91 Ohio App.3d 534, 536. Under Civ.R. 3(A), an action is not deemed to be "commenced" unless service of process is obtained within one year from the date of the filing of the action. Where a party has not waived service by act or written waiver, the Rules of Civil Procedure dictate proper methods for effective service. See Civ.R. 4.1 through 4.6. Civ.R. 4.1(A) is the applicable provision in this case. It provides, in pertinent part:
"[S]ervice of any process shall be by certified or express mail unless otherwise permitted by these rules. The clerk shall place a copy of the process and complaint or other document to be served in an envelope. The clerk shall address the envelope to the person to be served at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk with instructions to forward. The clerk shall affix adequate postage and place the sealed envelope in the United States mail as certified or express mail return receipt requested with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered."
 {¶ 12} In the present case, appellee listed appellant's parents' address in her claims, thus, the certified mail was delivered to appellant's parents' residence, and not that of appellant. "Valid service of process is presumed when the envelope is received by any person at the defendant's residence[.]" Ohio Civ. Rights Comm. v. First Am. Props.
(1996), 113 Ohio App.2d 233, 237. It is unchallenged that appellant was not residing with his parents at the time appellee filed the complaint.
 {¶ 13} Because appellee did not respond to appellant's assignments of error in this Court, we will presume that the operative facts alleged by appellant concerning the service of process are correct.
 {¶ 14} "[T]here is a presumption of proper service in cases where the Civil Rules on service are followed. However, this presumption is rebuttable by sufficient evidence." Rafalski v.Oates (1984), 17 Ohio App.3d 65, 66, citing Grant v. Ivy
(1980), 69 Ohio App.2d 40.
"Where a party seeking a motion to vacate makes an uncontradicted sworn statement that she never received service of a complaint, she is entitled to have the judgment against her vacated even if her opponent complied with Civ. R. 4.6 and had service made at an address where it could reasonably be anticipated that the defendant would receive it." Rafalski,17 Ohio App.3d at 66-67.
 {¶ 15} In this case, as in Rafalski, appellant has submitted uncontradicted evidence that he never received service. He submitted his own affidavit averring that he never received notice of the complaint and that he did not live with his parents when the complaint was filed or anytime thereafter. Further, he submitted an affidavit of his father, Robert E. Szakal (Mr. Szakal), who stated that when he received certified mail for appellant, he would "instruct the postal carrier that [Appellant] does not live at 2464 Benton Ave.[.]" Mr. Szakal stated that the postal carrier would always respond that it did not matter that appellant no longer lived at the address, and would instruct him to sign for the mail anyway. Mr. Szakal testified "I always throw away any mail I receive for [Appellant]."
 {¶ 16} Appellant also submitted the affidavit of his mother, Gloria Szakal (Mrs. Szakal), who testified appellant did not live with her at 2464 Benton Ave. when appellee filed her complaints or anytime thereafter. She stated that when she was asked to sign to acknowledge receipt of certified mail for appellant, she would tell the postal carrier that appellant did not live at the address. She also testified that she would throw away any mail that she received for appellant, including all certified mail. The three affidavits all show that appellant was not living with his parents at 2464 Benton Avenue when appellee attempted to serve him there.
 {¶ 17} Appellee did not present any evidence to show that appellant actually received service. "It is reversible error for a trial court to disregard unchallenged testimony that a person did not receive service." Credit Trust Corp. v. Wright (Feb. 6, 2002), 9th Dist. No. 20649, quoting Rafalski17 Ohio App.3d at 66-67. In Hayes v. Kentucky Joint Stock Land Bank of Lexington
(1932), 125 Ohio St. 359, at 365, the Supreme Court of Ohio stated:
"* * * The defendant, who challenged the jurisdiction over her person, testified in her own behalf. If another witness had given testimony which contradicted her upon essential points, or if she had contradicted herself, or had made admissions which tended to support the claim of residence in Canton, a wholly different situation would be presented. The trial court could not wholly disregard her uncontradicted testimony. Neither could it draw inferences directly contrary to her affirmative statements. The court therefore erred in finding that good and valid service was had upon her, and that the court had jurisdiction over her person."
 {¶ 18} Based on the unrebutted evidence before this Court showing that appellant did not live with his parents and that he never actually received service, we conclude that service of process for the complaint was ineffective. Therefore, the trial court's default judgment in favor of appellee is rendered void ab initio. Miller v. Trust (Nov. 8, 2000) 9th Dist. No. 19874, citing Sampson v. Hooper Holmes, Inc. (1993),91 Ohio App.3d 538, 540.
 {¶ 19} As mentioned above, Civ.R. 3(A) provides that an action is not deemed to be "commenced" unless service of process is obtained within one year from the date of the filing of the action. Since this Court finds that appellee did not perfect service upon appellant within one year of filing her complaint in case number CV 2002-04-4077, the case was never properly commenced against appellant. Appellant's first assignment of error is sustained.
 SECOND ASSIGNMENT OF ERROR
"THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING DEFENDANT-APPELLANT'S CIV.R. 60(B) MOTION CHALLENGING THE AWARD OF DAMAGES ENTERED AGAINST DEFENDANT IN THE AMOUNT OF FIFTY THOUSAND ($50,000.00) DOLLARS PURSUANT TO A DEFAULT JUDGMENT ON A COMPLAINT, WITHOUT HOLDING A HEARING TO ACCEPT EVIDENCE IN ORDER TO DETERMINE THE AMOUNT OF DAMAGES AS REQUIRED."
 {¶ 20} In his second assignment of error, appellant avers that the trial court abused its discretion in awarding damages against him without first holding a hearing. Given this Court's resolution of appellant's first assignment of error, his second assignment of error is rendered moot, and we decline to address it. See App.R. 12(A)(1)(c).
 III. {¶ 21} Appellant's first assignment of error is sustained. Appellant's second assignment of error is rendered moot. The decision of the Summit County Court of Common Pleas is vacated, and the cause remanded to the trial court for proceedings consistent with this opinion.
Judgment vacated, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. Costs taxed to appellee.
Slaby, P.J. Whitmore, J. concur.