[Cite as *Runyon v. Hawley*, 2018-Ohio-2444.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| JEFFREY A. RUNYON | C.A. No.    17CA011141 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOEL D. HAWLEY, et al. | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellees | CASE No.    16CV189102 |

DECISION AND JOURNAL ENTRY

Dated: June 25, 2018

CALLAHAN, Judge.

{¶1}   Appellant, Jeffrey Runyon, appeals from the judgment of the Lorain County Common Pleas Court vacating the default judgment against Appellees, Joel Hawley and Hawley Motors, L.L.C.  For the reasons set forth below, this Court affirms.

I.

{¶2}   Mr. Hawley retained the services of Mr. Runyon to paint and restore a 1960 Lincoln Mark V convertible and to repair and paint a 2012 Jeep Wrangler.  Due to Mr. Hawley's failure to pay for the parts and labor, Mr. Runyon placed a mechanic's lien on the vehicles and stored the vehicles on his premises for an extended period of time.  During this time, Mr. Hawley transferred the title of the Lincoln from his name to his business, Hawley Motors, L.L.C.  Mr. Hawley is the statutory agent for Hawley Motors, L.L.C.

{¶3}   Mr. Runyon filed a complaint against Mr. Hawley for breach of contract and quantum merit to recover the costs of the parts and labor and the storage costs of the vehicles.

Additionally, the complaint included a demand against Hawley Motors, L.L.C. for a judgment transferring the title of the Lincoln to Mr. Runyon.

{¶4} Service of the summons and complaint was initially attempted on Mr. Hawley and Hawley Motors, L.L.C. via certified mail at 309 County Road 40, Sullivan, Ohio 44880. This address was listed on the complaint and the Ohio Secretary of State's website as the statutory agent's address. The certified mail of the summons and complaint for Mr. Hawley and Hawley Motors, L.L.C. were returned as "[u]nclaimed." Mr. Runyon then requested service of the summons and complaint upon Mr. Hawley and Hawley Motors, L.L.C. by ordinary mail at the same address. The ordinary mail was not returned to the clerk of court for either Mr. Hawley or Hawley Motors, L.L.C.

{¶5} Mr. Runyon moved for default judgment against Mr. Hawley and Hawley Motors, L.L.C., which the trial court granted. Mr. Runyon filed a certificate of judgment lien and transferred the title of the Lincoln into his name.

{¶6} Six months later, Mr. Hawley and Hawley Motors, L.L.C. filed a Civ.R. 60(B) motion to vacate the default judgment and a supporting affidavit averring "they were unaware of this case and [] the judgment entered against them" and Mr. Runyon committed a fraud upon the court based on the contents of his affidavit in support of the default judgment. The motion to vacate was fully briefed, but no hearing was held.

{¶7} Pursuant to Civ.R. 60(B), the trial court granted the motion to vacate the default judgment filed by Mr. Hawley and Hawley Motors, L.L.C. on the basis that they "never received proper service of the [c]omplaint." Mr. Runyon timely appeals from this judgment entry, asserting three assignments of error. To facilitate the analysis, this Court will address the assignments of error out of order.

II.

## ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING THE
MOTION TO VACATE THE DEFAULT JUDGMENT BECAUSE THE
DEFENDANTS ALLEGED THEY DID NOT ACTUALLY RECEIVE THE
SUMMONS WHEN SERVICE WAS PERFECTED PURSUANT TO THE
CIVIL RULES.

{¶8}    Mr. Runyon's first assignment of error sets forth various instances in which the
trial court abused its discretion when it vacated the default judgment because "[Mr. Hawley and
Hawley Motors, L.L.C.] never received proper service of the [c]omplaint." This Court disagrees
with each of Mr. Runyon's sub-arguments.

Motion to Vacate: Civ.R. 60(B) v. Common Law

{¶9}    As an initial matter, Mr. Runyon argues that the motion to vacate should have
been treated as a common law motion. Mr. Hawley and Hawley Motors, L.L.C. filed their
motion to vacate pursuant to Civ.R. 60(B) and the trial court addressed the issue of improper
service of process pursuant to the requirements of Civ.R. 60(B).  Mr. Runyon did not raise this
issue in the trial court and, therefore, has forfeited this argument. *See JPMorgan Chase Bank,
Natl. Assn. v. Burden*, 9th Dist. Summit No. 27104, 2014-Ohio-2746, ¶ 12 ("Arguments that
were not raised in the trial court cannot be raised for the first time on appeal.").  Nonetheless, the
filing of a Civ.R. 60(B) motion to vacate a void judgment is not fatal and this Court will consider
the motion as a common law motion to vacate.[1]  *See In re Adoption of A.A.C.*, 5th Dist.

---

[1] "[W]here service of process has not been accomplished, any judgment rendered is void *ab
initio*." *Sampson v. Hooper Holmes, Inc.*, 91 Ohio App.3d 538, 540 (9th Dist.1993), citing
*Rondy v. Rondy*, 13 Ohio App.3d 19, 22 (9th Dist.1983).  The authority to vacate a void
judgment arises from the inherent power possessed by Ohio courts, and not Civ.R. 60(B). *Patton
v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph four of the syllabus. The Civ.R. 60(B)
requirements are not applicable when a party asserts the trial court lacked personal jurisdiction
because of improper service of process. *First Merit Bank, N.A. v. Wood*, 9th Dist. Lorain No.

Muskingum No. CT2011-0028, 2011-Ohio-5609, ¶ 12; *U.S. Bank, N.A. v. Cooper*, 9th Dist. Medina No. 12CA0084-M, 2014-Ohio-61, ¶ 10, *rev'd on other grounds*, 140 Ohio St.3d 1519, 2014-Ohio-5251.

{¶10} Mr. Runyon framed all of his arguments in the first assignment of error as the trial court having abused its discretion. Generally, a trial court's decision regarding a common law motion to vacate is reviewed for an abuse of discretion. *Terwoord v. Harrison*, 10 Ohio St.2d 170, 171 (1967). However, Mr. Runyon is challenging the trial court's determination that it did not have personal jurisdiction over Mr. Hawley and Hawley Motors, L.L.C. "'Challenges to a trial court's jurisdiction present questions of law and are reviewed by this Court de novo.'" *First Merit Bank, N.A. v. Wood*, 9th Dist. Lorain No. 09CA009586, 2010-Ohio-1339, ¶ 5, quoting *Eisel v. Austin*, 9th Dist. Lorain No. 09CA009653, 2010-Ohio-816, ¶ 8. Accordingly, this Court will conduct a de novo review of the first assignment of error.

A Presumption of Service: Compliance with the Civil Rules

{¶11} Proper service of process is required before a court can render a valid default judgment. *Gen. Motors Acceptance Corp. v. Kollert*, 33 Ohio App.3d 274, 275 (9th Dist.1986). When a plaintiff follows the Ohio Rules of Civil Procedure that govern service of process, a presumption of proper service arises. *Talarek v. Miles*, 9th Dist. Lorain No. 96CA006567, 1997 Ohio App. LEXIS 3164, *6 (July 23, 1997); *Jacobs v. Szakal*, 9th Dist. Summit No. 22903, 2006-Ohio-1312, ¶ 14, quoting *Rafalski v. Oates*, 17 Ohio App.3d 65, 66 (8th Dist.1984).

{¶12} Civ.R. 4.1(A)(1)(a) provides for service to be made by certified or express mail. If either of these methods is attempted and the envelope "is returned with an endorsement stating

09CA009586, 2010-Ohio-1339, ¶ 13. Instead, the movant only needs to establish lack of proper service. *Id*.

that the envelope was unclaimed," the party requesting service must be notified by the clerk and the party may request service by ordinary mail. Civ.R. 4.6(D). Ordinary mail service is "deemed complete when the fact of mailing is entered of record" and "the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery." *Id.*

**{¶13}** Civ.R. 4.2 specifies who may be served. Under that rule, to serve a limited liability company, a plaintiff may direct "[s]ervice of process pursuant to Civ.R. 4 through Civ.R. 4.6" to "the agent authorized by appointment or by law to receive service of process." Civ.R. 4.2(G).

**{¶14}** For purposes of service, Mr. Hawley was the statutory agent for Hawley Motors, L.L.C. *See* Civ.R. 4.2(G). In this case, the docket reflects that certified mail service issued to Mr. Hawley and Hawley Motors, L.L.C. at 309 County Road 40, Sullivan, Ohio 44880 was returned to the clerk unclaimed. *See* Civ.R. 4.1(A)(1)(a). At Mr. Runyon's request, the clerk issued ordinary mail service to Mr. Hawley and Hawley Motors, L.L.C. to the same address, which was not returned to the clerk. *See* Civ.R. 4.6(D). Based on the above service attempts, the trial court concluded that "[i]t appears [Mr. Runyon] properly followed the Ohio Rules of Civil Procedure in obtaining service."

**{¶15}** On appeal, Mr. Hawley and Hawley Motors, L.L.C. argued that the ordinary mail service was defective and, thus, the presumption of service was not established. A review of the record reflects that Mr. Hawley and Hawley Motors, L.L.C. did not present this argument to the trial court and it is, therefore, forfeited on appeal. *See Burden*, 2014-Ohio-2746, at ¶ 12. Accordingly, this Court will assume arguendo that the Civil Rules for service were followed and there exists a presumption of proper service.

A Rebuttable Presumption of Service: Due Process Compliance

{¶16}  A defendant can rebut the presumption of proper service by presenting sufficient evidence, such as an affidavit, that service was not accomplished or received by the defendant. *Talarek*, 1997 Ohio App. LEXIS 3164, at \*10; *Jacobs*, 2006-Ohio-1312, at ¶ 14, 18. It is then incumbent upon the plaintiff to refute the defendant's evidence with either an affidavit or by requesting a hearing to cross-examine the defendant on his assertion that he did not receive service.  *See Wood*, 2010-Ohio-1339, at ¶ 9-10;  *Daily v. Papp*, 9th Dist. Summit No. 8141, 1976 Ohio App. LEXIS 6283, \*5 (Nov. 17, 1976).

{¶17}  In order for service of process to be effective, it must comport with the requirements of due process. *See Vrbanac v. Zulick*, 9th Dist. Summit No. 19864, 2001 Ohio App. LEXIS 39, \*4 (Jan. 10, 2001); *Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St.2d 403 (1980), syllabus. Due process requires that service of process be accomplished in a manner "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" (Emphasis deleted.) *Swinehart* at 406, quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  *See Akron Metro. Hous. Auth. v. Thompson*, 9th Dist. Summit No. 14428, 1990 Ohio App. LEXIS 3094, \* 2-3 (July 25, 1990).  Thus, a plaintiff must direct service to an address at which the plaintiff has a reasonable expectation that the defendant will receive delivery. *Simon & Karam Ents. v. Cook*, 9th  Dist. Summit No. 17960, 1997 Ohio App. LEXIS 1739, \*4 (Apr. 30, 1997). However, no reasonable expectation can arise if the address is incorrect. *See Grant v. Ivy*, 69 Ohio App.2d 40, 43 (10th Dist.1980).

{¶18}  This Court has held that a defendant's uncontradicted affidavit that the defendant did not receive service of the complaint is sufficient to rebut the presumption of proper service.

*Wood* at ¶ 9-12. While the districts are split as to the effect of the uncontradicted affidavit, this Court has repeatedly adopted the position set out by the Eighth District:

> "Where a party seeking a motion to vacate makes an uncontradicted sworn statement that she never received service of a complaint, she is entitled to have the judgment against her vacated even if her opponent complied with Civ.R. 4.6 and had service made at an address where it could reasonably be anticipated that the defendant would receive it."

*Jacobs* at ¶ 14, quoting *Rafalski*, 17 Ohio App.3d at 66-67. *Accord Wood* at ¶ 9; *Medina v. Davis*, 9th Dist. Lorain No. 11CA009953, 2011-Ohio-4465, ¶ 6; *Eisel*, 2010-Ohio-3458, at ¶ 11. *See also Cook* at *5. "It is reversible error for a trial court to disregard unchallenged testimony that a person did not receive service." (Quotation marks and citations omitted.) *Jacobs* at ¶ 17.

{¶19} Mr. Runyon argues that the trial court abused its discretion in finding that service of process was improper because Mr. Hawley and Hawley Motors, L.L.C. did not present evidence to rebut the presumption of service. Specifically, Mr. Runyon claims that "[t]he evidence and the affidavit[] do 'not provide any indication that service of process * * * was not, under all the circumstances, reasonably calculated to provide [Mr. Hawley and Hawley Motors, L.L.C.] such notice.'"

{¶20} Mr. Hawley and Hawley Motors, L.L.C. challenged the presumption of service with an affidavit which averred that the address used for service was incorrect. Mr. Runyon directed service of the complaint to Mr. Hawley's residence address and Hawley Motor, L.L.C.'s statutory agent's address. Mr. Hawley, however, averred that in March and April of 2016, when certified mail was attempted at the Sullivan, Ohio address, he "was working in Kentucky and traveling back and forth to Sullivan, Ohio." Then in May of 2016, when ordinary mail was issued, Mr. Hawley averred he "was working in Kentucky full time, residing in Kentucky" and he "resided at 128 Robroy, Nicholasville, [Kentucky] 40356." Mr. Hawley also averred that he

was the statutory agent for Hawley Motors, L.L.C. and incorporated all of the averments, including those regarding the Kentucky address, on behalf of the business.

{¶21} Contrary to Mr. Runyon's arguments, Mr. Hawley and Hawley Motors, L.L.C. did contend that the Sullivan, Ohio address was invalid because Mr. Hawley was residing in Kentucky. Because Mr. Hawley, as the statutory agent was not residing within Ohio, Hawley Motors, L.L.C. failed to continuously maintain an agent in Ohio for service of process as required by R.C. 1705.06(A)(1), (D). Based on these averments in the affidavit, the service of process to the Sullivan, Ohio address was not reasonably calculated to reach Mr. Hawley or Hawley Motors, L.L.C. *See Grant*, 69 Ohio App.2d at 43. Accordingly, the affidavit of Mr. Hawley and Hawley Motors, L.L.C. presented evidence rebutting the presumption of service.

Mr. Runyon's attempt to refute Mr. Hawley's Affidavit

{¶22} The affidavit of Mr. Hawley and Hawley Motors, L.L.C. shifted the burden to Mr. Runyon to move forward with evidence opposing the motion to vacate. *See Daily*, 1976 Ohio App. LEXIS 6283, at *5. It was necessary for Mr. Runyon to refute the affidavit of Mr. Hawley and Hawley Motors, L.L.C. with either his own affidavit or other evidence, or by requesting a hearing to cross-examine the defendant on his assertion that he did not receive service. *See Wood*, 2010-Ohio-1339, at ¶ 9-10.

{¶23} In response to the motion to vacate and the affidavit filed by Mr. Hawley, Mr. Runyon submitted an affidavit which averred that "[t]o the best of [his] knowledge [Mr.] Hawley and his wife still reside at 390 [sic] County Road 40, Sullivan, Ohio." Mr. Runyon also attached printouts dated April 13, 2017 from the Ashland County Auditor's office which showed that between 2004 and 2017, Mr. Hawley and his wife owned real estate located at 309 County Road

40. These printouts reflect that on April 13, 2017, the billing address for Mr. Hawley and his wife, for purposes of the real estate taxes, was 309 County Road 40, Sullivan, Ohio 44880.

**{¶24}** Mr. Runyon's evidence did not refute the affidavit of Mr. Hawley that he did not receive service of process because he resided in Kentucky and not Sullivan, Ohio during the time service was attempted and completed. Mr. Runyon's affidavit and the property tax records only indicated that Sullivan, Ohio was Mr. Hawley's mailing address as of April 13, 2017. Mr. Runyon has not presented any evidence as to Mr. Hawley's residence or address during March, April, and May of 2016, the relevant time period in question for the service of process. Mr. Runyon's affidavit, evidence, and brief in opposition failed to point to any direct evidence contradicting the averments by Mr. Hawley regarding his Kentucky residence during the period of service of process and his lack of receipt of the complaint. *See Wood* at ¶ 10. Instead, Mr. Runyon's competing affidavit suggested that Mr. Hawley should have received the complaint. *See id*. at ¶ 9.

**{¶25}** Moreover, Mr. Runyon did not request a hearing to elicit contradictory testimony from Mr. Hawley as to the issue of where Mr. Hawley was residing. *See Wood* at ¶ 10. Instead, Mr. Runyon argued that no hearing was necessary. Upon review of Mr. Runyon's evidence and affidavit, and in conjunction with his affirmative decision to decline a hearing, Mr. Runyon failed to refute the affidavit of Mr. Hawley regarding the validity of the service of process. Accordingly, the affidavit of Mr. Hawley was uncontradicted.

Mr. Runyon's attempt to refute Hawley Motors, L.L.C.'s Affidavit

**{¶26}** In addition to the foregoing arguments, Mr. Runyon also relies upon R.C. 1705.06 to refute the affidavit of Hawley Motors, L.L.C. regarding the validity of the service of process to Sullivan, Ohio upon the business.

{¶27} With respect to limited liability companies, R.C. 1705.06 provides that the company "shall maintain continuously in this state an agent for service of process on the company" and that "[a]ny legal process, notice, or demand required or permitted by law to be served upon a limited liability company may be served * * * [on] the agent * * * by delivering a copy of the process, notice, or demand to the agent." R.C. 1705.06(A), (H)(1)(a).

{¶28} Mr. Runyon asserts that Mr. Hawley "still resides" in Sullivan, Ohio and the Secretary of State's records reflect that Hawley Motors, L.L.C. is an active business using Mr. Hawley as its statutory agent at the Sullivan, Ohio address. Based on those facts, Mr. Runyon argues that Hawley Motors, L.L.C. had a "statutory responsibility" "to accept service at any time at its agent's address" and Hawley Motors, L.L.C. acted at its "own peril" when it failed to appoint a new statutory agent after Mr. Hawley moved outside of Ohio.

{¶29} Mr. Runyon contends a limited liability company cannot challenge the presumption of service issued to the agent's address based upon the agent's address being incorrect or the agent having "temporarily left the state." Neither of the cases cited by Mr. Runyon supports his argument that R.C. 1705.06 creates an unrebuttable presumption of service.

{¶30} In *Denittis v. Aaron Constr., Inc.*, 11th Dist. Geauga No. 2011-G-3031, 2012-Ohio-6213, the Eleventh District specifically identified the defendant's failure to rebut the presumption of service upon the statutory agent as the basis to affirm the denial of the defendant's motion to vacate. *Id.* at ¶ 41. Additionally, *S & S Quality Remodeling v. Phoenix Remediation*, 2d Dist. Montgomery No. 26091, 2014-Ohio-4609, is distinguishable from this case in that the Second District addressed the grant of a default judgment based upon certified mail service to the statutory agent and not a grant of a motion to vacate based upon ordinary mail service to the statutory agent. *Id.* at ¶ 13, 7, fn. 2.

{¶31} Further, this Court finds *Lauver v. Ohio Valley Selective Harvesting, LLC*, 12th Dist. Clermont No. CA2016-11-076, 2017-Ohio-5777, to be contrary to Mr. Runyon's position. In *Lauver*, the Twelfth District found the presumption of service upon a statutory agent in accordance with R.C. 1705.06 to be rebutted by an affidavit and testimony at an evidentiary hearing. *Id*. at ¶ 5, 7, 20-22.

{¶32} Mr. Runyon's evidence and reliance upon R.C. 1705.06 failed to refute the affidavit testimony that Hawley Motors, L.L.C.'s statutory agent did not receive the service of process because the agent resided out of state. Hawley Motors, L.L.C., through Mr. Hawley, averred that its statutory agent resided in Kentucky, and not Ohio, during May of 2016 when the ordinary mail service was completed. While Hawley Motors, L.L.C.'s affidavit served as an admission that it violated the statute which required it to continuously maintain an agent in Ohio for service of process, there is no provision in R.C. 1705.06 that interprets a violation of the statute as creating an unrebuttable presumption of service.

{¶33} Upon review of Mr. Runyon's evidence, his position opposing a hearing, and his reliance upon R.C. 1705.06, Mr. Runyon failed to refute the affidavit of Hawley Motors, L.L.C. regarding the validity of the service of process upon the business. Accordingly, the affidavit of Hawley Motors, L.L.C. was also uncontradicted.

The Effect of an Uncontradicted Affidavit

{¶34} Mr. Runyon contends that the trial court abused its discretion when it vacated the default judgment based on Mr. Hawley and Hawley Motors, L.L.C.'s "self-serving affidavit without other evidence." Mr. Runyon relies on case law from other districts to argue that an affidavit alone is insufficient to rebut the presumption of service. Mr. Runyon's reliance on the other Ohio districts is misplaced, because there is a split in the districts regarding the effect of an

affidavit to rebut the presumption of service. Regardless, this Court has consistently held that an uncontradicted affidavit attesting that the defendant did not receive service of the complaint is sufficient to rebut the presumption of proper service. *See, e.g., Wood*, 2010-Ohio-1339, at ¶ 9-12; *First Data Merchant Servs. Corp. v. Wright*, 9th Dist. Summit No. 26622, 2013-Ohio-2791, ¶ 15-16.

{¶35} Additionally, this Court has applied this position to cases where the defendant specifically averred the address used for the service of process was invalid. *See Jacobs*, 2006-Ohio-1312, at ¶ 15-18 (service sent to defendant's parents' house, but defendant and his parents filed affidavits saying he did not live there); *Medina*, 2011-Ohio-4465, at ¶ 8-9 (defendant's affidavit averred that she had moved from the address used for service); *Eisel*, 2010-Ohio-3458, at ¶ 12-13 (defendant's affidavit averred that he did not live at the service address); *Daily*, 1976 Ohio App. LEXIS 6283, at *3-5 (defendant's affidavit averred that he did not live at the service address). In accordance with this Court's precedent, the trial court did not err in relying upon the uncontradicted affidavit of Mr. Hawley and Hawley Motors, L.L.C. to conclude that they "never received proper service of the [c]omplaint."

Actual Notice

{¶36} Mr. Runyon argues that "[t]he trial court abused its discretion when it vacated the default judgment in this case based upon [Mr. Hawley and Hawley Motor, L.L.C.'s] claim that they did not receive actual notice of the summons." This statement by Mr. Runyon is not supported by the record. The trial court did not address, nor grant the motion to vacate based upon a lack of receipt of "actual notice of the summons," but instead upon a lack of receipt of "proper service of the [c]omplaint." Because Mr. Runyon's actual notice argument is based upon an incorrect factual premise, this Court overrules this argument without further discussion.

**{¶37}** Based on the foregoing, the trial court did not err in finding that the trial court lacked personal jurisdiction due to improper service of process and vacating the default judgment against Mr. Hawley and Hawley Motors, L.LC.

**{¶38}** Mr. Runyon's first assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING THE MOTION [] TO VACATE THE DEFAULT JUDGMENT WITHOUT A HEARING.

**{¶39}** Regarding the issue of improper service, Mr. Runyon argues that the trial court abused its discretion when it accepted Mr. Hawley's affidavit and did not "afford[ Mr.] Runyon an opportunity to cross-examine and rebut [the affidavit] at [a] hearing." Mr. Runyon's contention lacks merit.

**{¶40}** A trial court's decision regarding whether to grant an evidentiary hearing on a motion to vacate is reviewed under an abuse of discretion standard. *State v. Navedo*, 9th Dist. Lorain No. 10CA009923, 2011-Ohio-5003, ¶ 6, citing *Coulson v. Coulson*, 5 Ohio St.3d 12, 14-16 (1983). "A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by evidence, or grossly unsound." (Quotation marks and citations omitted.) *Tustin v. Tustin*, 9th Dist. Summit No. 27164, 2015-Ohio-3454, ¶ 21.

**{¶41}** Relying upon cases from the Fifth District, Mr. Runyon argues that a trial court must hold an evidentiary hearing when the plaintiff issues service of process to a correct address and the defendant submits a self-serving affidavit that he did not receive service of process. *See LaSalle Bank, NA v. Tirado*, 5th Dist. Delaware No. 2009-CA-22, 2009-Ohio-2589, ¶ 45, quoting *Ohio Civ. Rights Comm. v. First Am. Properties, Inc.*, 113 Ohio App.3d 233, 238 (2d Dist.1996); *Graham Dealerships, CI v. Chavero*, 5th Dist. Richland No. 2007-CA-0098, 2008-

Ohio-2966, ¶ 12. Mr. Runyon's reliance on these cases is misplaced because they concern service issued to a correct address and there is a split in the districts as to the effect of the defendant's affidavit and when to conduct a hearing. *See Tirado* at ¶ 40-48, quoting *First Am. Properties, Inc.* at 237-238 and citing *Chavero* at ¶ 10-12.

**{¶42}** This Court has stated that a plaintiff opposing a motion to vacate, premised upon the defendant's failure to receive service and supported by a sworn statement, may request a hearing to solicit contradictory testimony. *Wood*, 2010-Ohio-1339, at ¶ 10. The record, however, reflects that Mr. Runyon took a position contrary to *Wood*. Instead of requesting a hearing, Mr. Runyon specifically argued that no hearing was required. In his brief in opposition, Mr. Runyon asserted twice that the motion to vacate "should be denied without [a] hearing[,]" because the motion was "meritless" and "controverted by [his brief in opposition] and the attached affidavit." When a plaintiff actively opposes a hearing, it is not an abuse of discretion to rule on the motion without holding a hearing. *See Clellan v. Lancoine*, 10th Dist. Franklin No. 16AP-677, 2017-Ohio-1460, ¶ 13, fn. 5.

**{¶43}** Further, Mr. Runyon chose this legal strategy and cannot now contend that the trial court abused its discretion in not holding a hearing. "Under the invited-error doctrine, a party will not be permitted to take advantage of an error that he himself invited or induced the trial court to make." *State ex rel. Beaver v. Konteh*, 83 Ohio St.3d 519, 521 (1998). *See Velvet Ice Cream-Ringold v. Hatfield*, 4th Dist. Ross No. 93CA1970, 1994 Ohio App. LEXIS 1991, *19-20 (May 4, 1994), *overruled in part on other grounds in Detty v. Yates*, 4th Dist. Ross No. 13CA3390, 2014-Ohio-1935, ¶ 15, fn. 2 ("[A]ppellant[/movant] represented to the court that no evidentiary hearing was necessary on his Civ.R. 60(B) motion. Thus, error, if any, in failing to hold an evidentiary hearing was invited error.").

{¶44}  Mr. Runyon's third assignment of error is overruled.

**ASSIGNMENT OF ERROR NO. 2**

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT VACATED THE DEFAULT JUDGMENT UNDER OHIO CIV.[]R. 60(B) FINDING THAT DEFENDANTS "HAVE SATISFIED EACH PRONG OF THE *GTE* TEST" WITHOUT SUPPORTING EVIDENCE OF FRAUD.

{¶45}  In his second assignment of error, Mr. Runyon contends that the trial court abused its discretion when it granted the motion to vacate on the basis of fraud.  This Court disagrees.

{¶46}  On appeal, Mr. Runyon acknowledges that Mr. Hawley and Hawley Motors, L.L.C. alleged "improper service and fraud" as the bases for granting relief from the default judgment.  Mr. Runyon argues that Mr. Hawley and Hawley Motors, L.L.C. improperly presented their claim of a fraud upon the court under Civ.R. 60(B)(3), instead of Civ.R. 60(B)(5). Mr. Runyon further argues that Mr. Hawley and Hawley Motors, L.L.C. "failed to offer any evidence that would establish fraud as contemplated by either [Civ.R. 60(B)(3) or (B)(5)]" and instead their allegations of fraud "'amounted to a claim or defense in the case' and is not cognizable under [Civ.R.] 60(B)(3)."

{¶47}  None of these arguments are properly before this Court. A review of Mr. Runyon's brief in opposition to the motion to vacate reflects that he did not put forth any of these arguments to the trial court.  "Arguments that were not raised in the trial court cannot be raised for the first time on appeal." *Burden*, 2014-Ohio-2746, at ¶ 12.

{¶48}  Moreover, while Mr. Hawley and Hawley Motors, L.L.C. presented a fraud argument to the trial court, the trial court did not address that argument.  Instead, the trial court vacated the default judgment solely on the issue of service.   In light of the absence of a ruling by the trial court as to fraud, the record does not support Mr. Runyon's claimed error.

{¶49}  Mr. Runyon's second assignment of error is overruled.

III.

**{¶50}** Mr. Runyon's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.

APPEARANCES:

JONATHAN E. ROSENBAUM, Attorney at Law, for Appellant.

BARRY R. MURNER, Attorney at Law, for Appellees.