[Cite as *State Auto Ins. Co. of Ohio v. Wilson*, 2020-Ohio-4456.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| STATE AUTO INS. OF OHIO | | C.A. No.    29678 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CARA RENEE WILSON | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No.    CV 2018 10 4274 |

DECISION AND JOURNAL ENTRY

Dated: September 16, 2020

TEODOSIO, Judge.

{¶1}   State Auto Insurance Company of Ohio ("State Auto") appeals the order of the Summit County Court of Common Pleas granting Cara Renee Wilson's motion for relief from judgment.  We affirm.

I.

{¶2}   In October 2018, State Auto filed its complaint against Ms. Wilson for damages arising out of an automobile accident that occurred in January 2017.  Service of the complaint was purported to have been made on Ms. Wilson at an address on Ansel Avenue in Akron, Ohio, on October 23, 2018, with Ms. Wilson's stepfather signing as the recipient.  On December 12, 2018, the trial court granted default judgment in favor of State Auto and against Ms. Wilson, noting that she had failed to plead or otherwise offer a defense in the action.

{¶3}   In September 2019, Ms. Wilson filed a motion for relief from judgment pursuant to Civ.R. 60(B), attaching an affidavit in which she averred that she had not received service of the

complaint and did not reside at Ansel Avenue at the time, but rather, resided at Eastlawn Avenue. On January 22, 2020, the trial court granted Ms. Wilson's motion for relief from judgment. State Auto now appeals, raising two assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING APPELLEE'S [CIV.R.] 60(B) MOTION WITHOUT AN EVIDENTIARY HEARING AND TESTIMONY.

{¶4} In its first assignment of error, State Auto argues the trial court erred by not conducting an evidentiary hearing on Ms. Wilson's motion for relief from final judgment filed pursuant to Civ.R. 60(B). In support of its argument, State Auto points us to the Supreme Court of Ohio's decision in *Coulson v. Coulson*, 5 Ohio St.3d 12, 16 (1983), which adopted the rule stated in *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105 (8th Dist.1974):

> If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion. This is proper and is not an abuse of discretion. If under the foregoing circumstances, the trial court does not grant a hearing and overrules the motion without first affording an opportunity to the movant to present evidence in support of the motion its failure to grant a hearing is an abuse of discretion.

{¶5} We note at the outset that Ms. Wilson filed her motion under Civ.R. 60(B), and that both parties argue upon precedent employing a Civ.R. 60(B) analysis. "[W]hen service is not perfected upon a defendant in a civil case, the trial court lacks personal jurisdiction, and any judgment rendered against that defendant is void." *Medina v. Davis*, 9th Dist. Lorain No. 11CA009953, 2011-Ohio-4465, ¶ 5, citing *Jacobs v. Szakal*, 9th Dist. Summit No. 22903, 2006–Ohio–1312, ¶ 9. The authority to vacate a void judgment arises from the inherent power possessed by Ohio courts, and not Civ.R. 60(B). *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph four

of the syllabus. "'Because a court has the inherent authority to vacate a void judgment, a party who asserts that the trial court lacks personal jurisdiction over him or her due to ineffective service of process need not satisfy the requirements of Civ.R. 60(B). Only lack of proper service must be established.'" *Davis* at ¶ 5, quoting *First Merit Bank v. Wood*, 9th Dist. Lorain No. 09CA009586, 2010–Ohio–1339, ¶ 13, quoting *Portfolio Recovery Assoc., L.L.C. v. Thacker*, 2d Dist. Clark No. 2008 CA 119, 2009–Ohio–4406, at ¶ 22. The filing of a Civ.R. 60(B) motion to vacate a void judgment is not fatal and this Court will consider the motion as a common law motion to vacate. *See Runyon v. Hawley*, 9th Dist. Lorain No. 17CA011141, 2018-Ohio-2444, ¶ 9.

{¶6} A trial court's decision regarding whether to grant an evidentiary hearing on a motion to vacate is reviewed under an abuse of discretion standard. *State v. Navedo*, 9th Dist. Lorain No. 10CA009923, 2011-Ohio-5003, ¶ 6, citing *Coulson*, 5 Ohio St.3d at 14-16. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶7} Proper service of process is required before a court can render a valid default judgment. *Gen. Motors Acceptance Corp. v. Kollert*, 33 Ohio App.3d 274, 275 (9th Dist.1986). Civ.R. 4.1(A)(1)(a) provides for service to be made by certified or express mail. When a party complies with the service requirements of the Ohio Rules of Civil Procedure, a rebuttable presumption of proper service arises. *Runyon* at ¶ 11; *Rafalski v. Oats*, 17 Ohio App.3d 65, 66 (8th Dist.1984). "A defendant can rebut the presumption of proper service by presenting sufficient evidence, such as an affidavit, that service was not accomplished or received by the defendant." *Runyon* at ¶ 16. "It is then incumbent upon the plaintiff to refute the defendant's evidence with

either an affidavit or by requesting a hearing to cross-examine the defendant on his assertion that he did not receive service." *Id.*, citing *Wood*, 2010-Ohio-1339, at ¶ 9-10; *Daily v. Papp*, 9th Dist. Summit No. 8141, 1976 WL 188939, *1 (Nov. 17, 1976).

**{¶8}** This Court has maintained that in a dispute over actual notice, an uncontradicted sworn statement is ordinarily sufficient to overcome a presumption that notice sent was actually received. *Wood* at ¶ 10. "Although our precedent appears to propose a bright line test with regard to an uncontradicted sworn statement, we do not read the opinions as precluding a plaintiff from requesting a hearing to solicit contradictory testimony." *Id.* Our precedent has not, however, provided that an unsolicited hearing is required under these circumstances. As noted by the trial court, State Auto did not request a hearing on Ms. Wilson's motion for relief from judgment. Consequently, we conclude that State Auto has failed to show that the trial court abused its discretion in granting the common law motion to vacate judgment without hearing where no hearing was requested by the non-moving party.

**{¶9}** State Auto's first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING APPELLEE'S [CIV.R.] 60(B) [MOTION] WHERE CERTIFIED MAIL SERVICE WAS COMPLETED AT THE "RESIDENCE" ADDRESS USED BY THE APPELLEE AS HER ADDRESS WITH THE OHIO BMV ON HER LICENSE AND REGISTRATION.

**{¶10}** In its second assignment of error, State Auto argues the trial court erred by granting Ms. Wilson's motion because service was completed at the address listed on her driver's license and vehicle registration. We disagree.

**{¶11}** Generally, a trial court's decision regarding a common law motion to vacate is reviewed for an abuse of discretion. *Terwoord v. Harrison*, 10 Ohio St.2d 170, 17 (1967).

"'Challenges to a trial court's jurisdiction present questions of law and are reviewed by this Court de novo.'" *Wood* at ¶ 5, quoting *Eisel v. Austin*, 9th Dist. Lorain No. 09CA009653, 2010-Ohio-816, ¶ 8. Because State Auto is, in essence, challenging the trial court's determination that it did not have personal jurisdiction over Ms. Wilson, this Court will conduct a de novo review.

{¶12} As we stated above, "[a] defendant can rebut the presumption of proper service by presenting sufficient evidence, such as an affidavit, that service was not accomplished or received by the defendant." *Runyon* at ¶ 16. The plaintiff may then refute the defendant's evidence with either an affidavit or by requesting a hearing to cross-examine the defendant. *Id*. This Court has consistently held that when service is disputed, a defendant's uncontradicted affidavit that the defendant did not receive service of the complaint is sufficient to rebut the presumption of proper service. *See, e.g., Wood* at ¶ 9–12; *First Data Merchant Servs. Corp. v. Wright*, 9th Dist. Summit No. 26622, 2013-Ohio-2791, ¶ 15-16. Thus, where a party seeking a motion to vacate makes an uncontradicted sworn statement that she never received service of a complaint, she is entitled to have the judgment against her vacated even if her opponent complied with the Civil Rules of Procedure and had service made at an address where it could reasonably be anticipated that the defendant would receive it. *Runyon* at ¶ 18; *Jacobs* at ¶ 14. Further, it is reversible error for a trial court to disregard unchallenged testimony that a person did not receive service. *Runyon* at ¶ 18; *Jacobs* at ¶ 17.

{¶13} In its brief in opposition to Ms. Wilson's motion for relief from judgment, State Auto noted that certified mail service had been signed for by Ms. Wilson's stepfather on October 23, 2018. State Auto is also correct in its assertion that Civ.R. 4.3 does not require that delivery of service of process by certified mail be restricted to the defendant, as service of process by certified mail is consistent with due process standards where it is reasonably calculated to give

interested parties notice of a pending action. *See Mitchell v. Mitchell*, 64 Ohio St.2d 49 (1980), paragraphs one and two of the syllabus. Valid service of process is presumed where the certified mail envelope is received by any person at the defendant's address. *Jacobs* at ¶ 12. Consequently, because State Auto complied with the service requirements of the Civil Rules of Procedure, there is a presumption that service was indeed accomplished. This presumption is, however, rebuttable. *Runyon* at ¶ 11.

{¶14} In her affidavit filed as an exhibit to her motion for relief from judgment, Ms. Wilson averred that at all times relevant she did not reside at the address where service was attempted, that her stepfather had signed for the certified mail, and that she had not received service of the complaint. Thus, the affidavit of Ms. Wilson shifted the burden to State Auto to refute the affidavit with either its own affidavit or by requesting a hearing to cross-examine Ms. Wilson and possibly elicit contradictory testimony. *See Runyon* at ¶ 16. *See also Jacobs* at ¶ 15 (finding uncontradicted evidence that service was never received where the defendant submitted an affidavit averring he did not live at his parents' address when the complaint was filed and had never received notice of the complaint). *Compare Mitchell* at 52 (noting that the appellant had never asserted that she was unaware of the pendency of the action).

{¶15} State Auto directs us to the records of the Ohio Bureau of Motor Vehicles to show that when Ms. Wilson's driver's license was issued in March 2017, her address was listed as being at Ansel Avenue and that a vehicle registration issued in September 2018 likewise listed both her stepfather (as the primary owner of the vehicle) and Ms. Wilson (as an additional owner of the vehicle) as having an address at Ansel Avenue. State Auto therefore pointed to evidence of her residence in September 2018, approximately one month prior to the attempted certified mail service at Ansel Avenue.

{¶16} Although the attempt at service at the address listed on Ms. Wilson's driver license and vehicle registration was consistent with the Civil Rules of Procedure, and although there was a reasonable expectation that service would have been perfected at that address, State Auto failed to point to any direct evidence contradicting Ms. Wilson's averments that she did not reside at Ansel Avenue at the time, that she instead resided at Eastlawn Avenue, and that she had not received service of the complaint. As we have stated: "Where a party seeking a motion to vacate makes an uncontradicted sworn statement that she never received service of a complaint, she is entitled to have the judgment against her vacated even if her opponent complied with Civ. R. 4.6 and had service made at an address where it could reasonably be anticipated that the defendant would receive it." *Jacobs* at ¶ 14, quoting *Rafalski* at 66. *See also Runyon* at ¶ 18. Moreover, State Auto did not request a hearing to elicit contradictory testimony as to the issue of where Ms. Wilson was residing at the time of the attempted certified mail service. *See Wood* at ¶ 10.

{¶17} State Auto failed to refute Ms. Wilson's affidavit regarding service of process, and accordingly, the affidavit of Ms. Wilson was uncontradicted. Based upon the unrebutted evidence showing that Ms. Wilson did not live at the address when service was attempted and that she never received service, we conclude that service of process for the complaint was ineffective. *See Jacobs* at ¶ 18. The trial court's default judgment was therefore rendered void ab initio.

{¶18} State Auto's assignment of error is overruled.

### III.

{¶19} State Auto's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

DARAN P. KIEFER, Attorney at Law, for Appellant.

CHARLES W. OLMINSKY, Attorney at Law, for Appellee.