[Cite as *Riccardi v. Yee*, 2024-Ohio-6068.]

STATE OF OHIO )
                        )ss:
COUNTY OF LORAIN )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

VALARIE RICCARDI

    Appellant

    v.

CAROL YEE

    Appellee

C.A. No.    23CA011992

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    22 MS 090729

DECISION AND JOURNAL ENTRY

Dated: December 30, 2024

CARR, Judge.

{¶1} Defendant-Appellant Valerie Riccardi ("Mother") appeals from the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division. This Court reverses the trial court's judgment and remands the matter for the trial court to grant Mother's motion to vacate.

I.

{¶2} In April 2022, Plaintiff-Appellee Carol Yee filed a complaint seeking visitation with her purported grandson, D.R. The complaint did not point to any particular statute to support the entitlement to visitation. The complaint listed Mother and Martin Nieves as Defendants.

{¶3} Ms. Yee requested that service be completed by a process server. Return of service was filed on May 6, 2022, which indicated that the process server completed personal service on April 30, 2022.

{¶4} A status conference was held on August 4, 2022, and neither Defendant appeared. The trial court scheduled a contested hearing for September 22, 2022. On September 22, 2022, a hearing was conducted before a magistrate; again, neither Defendant appeared.

{¶5} On October 6, 2022, the magistrate issued a decision granting Ms. Yee visitation with D.R. In so doing, the magistrate pointed to R.C. 3109.051. That same day, the trial court adopted the magistrate's decision and entered judgment accordingly.

{¶6} Later that month, Ms. Yee began filing motions for contempt asserting that Mother would not allow Ms. Yee to visit with D.R. In December 2022, counsel for Mother entered a notice of appearance. In February 2023, Mother filed a motion to vacate and later an amended motion to vacate. Mother's affidavit accompanied the amended motion. In the amended motion, Mother indicated that she and Mr. Nieves were never married and the paternity of D.R. had not been established. Ms. Yee previously filed an action in juvenile court seeking visitation with D.R., which was dismissed upon Mother's motion due to a lack of jurisdiction. In her affidavit in the instant proceeding, Mother pointed out that she defended the juvenile court action and would have defended the current one if she had been aware of it. Mother averred that no one ever handed her a copy of Ms. Yee's complaint or any other paperwork concerning the instant matter. Mother further asserted that she was not provided notice of the September 2022 hearing. Mother maintained that she received notice of the order granting visitation on October 31, 2022, and attempted to file an objection, but was turned away by the clerk who informed her she needed to have an attorney file the document. Mother filed her motion pursuant to Civ.R. 60(B) and the common law. She argued that paternity had not been established, she was not served, and that the trial court incorrectly used R.C. 3109.051 to grant Ms. Yee the requested relief.

**{¶7}** Ms. Yee opposed the motion but did not request an evidentiary hearing, nor did she submit additional materials not already part of the record to contradict the assertions concerning service in Mother's affidavit. Mother filed a reply.

**{¶8}** A non-evidentiary hearing was held, after which the trial court issued a judgment entry denying Mother's motion to vacate. Mother has appealed, raising two assignments of error for our review, which will be addressed out of sequence to facilitate our review.

II.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO VACATE DESPITE THE TRIAL COURT'S LACK OF PERSONAL JURISDICTION OVER APPELLANT.

**{¶9}** Mother argues in her second assignment of error that the trial court erred in denying Mother's motion to vacate when the trial court lacked personal jurisdiction over Mother.

**{¶10}** "Generally, a trial court's decision regarding a common law motion to vacate is reviewed for an abuse of discretion. Challenges to a trial court's jurisdiction present questions of law and are reviewed by this Court de novo." (Internal quotations and citations omitted.) *State Auto Ins. of Ohio v. Wilson*, 2020-Ohio-4456, ¶ 11 (9th Dist.).

**{¶11}** "[I]n order to render a valid personal judgment, a court must have personal jurisdiction over the defendant." *Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984). "This may be acquired either by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court." *Id.* Personal service via a process server can be a valid form of service. *See* Civ.R. 4.1(B).

> When a party complies with the service requirements of the Ohio Rules of Civil Procedure, a rebuttable presumption of proper service arises. A defendant can rebut

the presumption of proper service by presenting sufficient evidence, such as an affidavit, that service was not accomplished or received by the defendant. It is then incumbent upon the plaintiff to refute the defendant's evidence with either an affidavit or by requesting a hearing to cross-examine the defendant on his assertion that he did not receive service.

(Internal quotations and citations omitted.) *State Auto Ins. of Ohio* at ¶ 7. "This Court has consistently held that when service is disputed, a defendant's uncontradicted affidavit that the defendant did not receive service of the complaint is sufficient to rebut the presumption of proper service." *Id.* at ¶ 12; *see also Runyon v. Hawley*, 2018-Ohio-2444, ¶ 18 (9th Dist.); *but see First Merit Bank v. Wood*, 2010-Ohio-1339, ¶ 16-19 (9th Dist.) (Carr, J., dissenting).

Thus, where a party seeking a motion to vacate makes an uncontradicted sworn statement that she never received service of a complaint, she is entitled to have the judgment against her vacated even if her opponent complied with the Civil Rules of Procedure and had service made at an address where it could reasonably be anticipated that the defendant would receive it. Further, it is reversible error for a trial court to disregard unchallenged testimony that a person did not receive service.

(Internal citations omitted.) *State Auto Ins. of Ohio* at ¶ 12.

**{¶12}** Here, the record supports that Ms. Yee complied with the Civil Rules in attempting to serve Mother. Thus, there was a rebuttable presumption that proper service was effectuated. *See id.* at ¶ 7. However, in her amended motion to vacate, Mother attached an affidavit averring that "no person ever handed her a copy of Plaintiff's Complaint to Establish Grandparent Rights or any other paperwork regarding the Domestic Relations Court matter." Thus, Mother disputed that the process server had personally served her. Her averment was sufficient to rebut the presumption of service, *see id.* at ¶ 12, and was not challenged via a competing affidavit or cross-examination at an evidentiary hearing. Accordingly, Mother was entitled to have the judgment vacated. *See id.*

**{¶13}** Mother's second assignment of error is sustained.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY ADOPTING THE OCTOBER 6, 2022 MAGISTRATE'S DECISION BECAUSE AN ERROR OF LAW APPEARED ON THE FACE OF THE DECISION.

{¶14} Mother argues in her first assignment of error that the trial court erred in adopting the magistrate's decision.

{¶15} In light of this Court's resolution of Mother's second assignment of error, this assignment of error has been rendered moot and will not be addressed. *See* App.R. 12(A)(1)(c).

III.

{¶16} Mother's second assignment of error is sustained, and her first assignment of error is moot. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is reversed, and the matter remanded for the trial court to grant Mother's motion to vacate.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

STEVENSON, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

ANTHONY R. PECORA and LOREYN R. MCKENZIE, Attorneys at Law, for Appellant.

JESSICA A. L. CAMARGO, Attorney at Law, for Appellee.